## UNITED STATES *v.* SAVINGS BANK.

1. The Court of Claims has jurisdiction of a suit brought against the United States to recover back certain taxes and penalties alleged to be of the character mentioned in sects. 3220, 3228, Rev. Stat., where payment thereof was refused to the plaintiff, whose claim thereto had in due time been presented on appeal to and allowed by the Commissioner of Internal Revenue. *United States* v. *Kaufman* (96 U. S. 567) cited and approved.

2. Lodging the appeal with the proper collector of internal revenue, for transmission to the commissioner in the usual course of business, under the requirements of the treasury regulations, is in effect the presentation of it to the commissioner.

APPEAL from the Court of Claims.

Sections 3220 and 3228 of the Revised Statutes are as follows: —

" SECT. 3220. The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected. . . .

" SECT. 3228. All claims for the refunding of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, must be presented to the Commissioner of Internal Revenue within two years next after the cause of action accrued. . . ."

The material regulations prescribed by the Secretary of the Treasury applicable to this case are these: —

" Claims for the refunding of taxes erroneously assessed and collected should be presented through the collectors of the respective districts upon blank form No. 46. . . .

" The collector should keep a perfect record, in a book furnished for the purpose, of all claims presented to the commissioner, and must certify as to each claim, whether it has been before presented or not.

" Where the case of an appeal involves an amount exceeding

two hundred and fifty dollars, and before it is finally decided the Commissioner of Internal Revenue will transmit the case, with the evidence in support of it, to the Secretary of the Treasury for his consideration and advisement.

For some years it has been the practice of the officers of the Treasury Department to regard appeals for refunding taxes illegally assessed and paid, when deposited with collectors, under the rules, in season to be forwarded to Washington within the two years' limitation, to have been duly presented to the commissioner according to law.

On the 10th of July, 1878, the Real Estate Savings Bank of Pittsburg, Pa., paid to the collector of internal revenue for the proper district in Pittsburg, certain internal taxes which had before that time been assessed; and on the 9th of July, 1880, it presented to the same collector, at his office, an appeal to the Commissioner of Internal Revenue, made out on the blank form prescribed by the secretary, to refund and pay back $972.69, which, it was alleged, had been illegally assessed, and erroneously paid. This appeal was delivered to the collector in time to have reached Washington by due course of mail on the 10th of July, if it had been promptly forwarded; but it was retained until the 15th, when it was sent to the commissioner, with an indorsement by the collector that he had investigated the facts, and found the statements of the claimant were in all respects true. The papers reached the commissioner on the 17th of July, and he, on the 13th of October following, submitted them to the Secretary of the Treasury, as required by the regulations, for his consideration and advice. On the 18th of October the secretary signified to the commissioner his approval of the payment of the claim, and on the 21st the commissioner certified its allowance. On the presentation of this certificate through the accounting officers of the Treasury Department payment was refused. The certificate has never been revoked by either the secretary or the commissioner, but it is still in force so far as the action of these officers is concerned. After payment was refused, suit was brought on the certificate in the Court of Claims, where judgment was given for the claimant. From this judgment the United States appealed.

*The Solicitor-General, Mr. William Lawrence,* and *Mr. John S. Blair* for the United States.

The following points are taken from Mr. Lawrence's brief :

I. The claim is barred because not presented at the office of the Commissioner of Internal Revenue in Washington within two years.

1. The statute says such claim " must be presented to the Commissioner of Internal Revenue." Rev. Stat., sect. 3220. The commissioner has an office " in the Department of the Treasury " (id., sect. 319), and this " shall be at the seat of government." Id., sect. 233. The claim is to be " settled and adjusted in the Department of the Treasury." Id. 236. Effect is to be given to the words as they are, " not importing . . . words . . . not found there." *Leavenworth, &c. Railroad Co.* v. *United States,* 92 U. S. 733, 751. A presentation at Pittsburgh is not a presentation " in the Department of the Treasury."

The " treasury of the United States " is " in the treasury building," and there the treasurer performs his duties. Rev. Stat., sect. 3591.

Banks are required to make returns for taxation " to the treasurer." Id., sect. 5215.

If for the convenience of the banks a regulation is made (id., sect. 161) permitting them to make reports " through " a sub-treasurer, are the banks relieved from the duty to still make them " to the treasurer " ?

2. The " regulation " does not change this. It says claims " should be presented through the collector." " Should " is not " shall," and if so, " through " is not " to." This permits presentation through a collector, but contemplates presentation to the commissioner. The regulation is to be construed in harmony with the statute, which gives the claimant a right to present directly to the commissioner, but permits a collector to aid him.

3. The commissioner had no power to receive the claim after two years, and any action thereon was *ultra vires.* An officer cannot waive a right denied by statute. *Andrae* v. *Redfield,* 12 Blatchf. 407 ; *United States* v. *McKnight,* 98 U. S. 179. The claim is, as said in *United States* v. *Kaufman* (96 id. 367, 570), " impeached for . . . mistake."

4. The duty imposed by statute on the commissioner cannot be delegated to a collector. *Delegata potestas non potest delegari.*

It is the right of the claimant to have the privilege of presenting his claim at the office of the commissioner.

5. A claimant cannot impose a duty on a collector to receive a claim. Official duties are fixed by law. *Ames* v. *Huron, L. & B. Co.*, 11 Mich. 147 ; Cooley, Const. Lim. 363, 451.

II. The allowance of the commissioner does not give a *prima facie* right of action. Rev. Stat., sect. 1059.

The test, whether such allowance gives such right, is this : Is it evidence of a " promise on the part of the United States to pay " (*United States* v. *Kaufman, supra*), or an award showing a debt due ; that is, does it *per se* so operate ? If it does not, *per se*, impose a duty on all officers charged with duties in relation to it to make payment without examining the evidence on which it is based, how can it be said that it is the evidence which the law requires of a right to payment ? If other steps are by law required to secure payment, how can it be, *per se*, *prima facie* evidence of a right to payment ?

1. It is " a mere step in the system of internal revenue." House Ex. Doc. No. 27, 2d Sess. 45th Cong., p. 43.

2. The whole power of the commissioner is found in the words " to refund and pay back."

These had a meaning when first used in the act of June 30, 1864, c. 173. The commissioner did literally " refund and pay back," " by drafts drawn on collectors of internal revenue." This power was taken away by the third section of the act of March 3, 1865, c. 78, and the words to " refund and pay back " became inoperative, — they ceased to have a meaning. The commissioner could no longer literally " pay back."

Such claim cannot be paid unless it has been " settled and adjusted in the Department of the Treasury." Rev. Stat., sects. 184, 187, 236, 248, 269, 277, 305, 313 ; *McKnight's Case*, 13 Ct. Cl. 302 ; 1 Op. Atty.-Gen. 624, 680 ; 2 id. 507 ; 10 id. 5.

The claimant must " pursue the statutory remedy to the end." *United States* v. *Kaufman, supra.*

3. To hold that these words authorize the commissioner to give evidence of a *prima facie* right of action seems objection-

able. The law (Rev. Stat., sects. 989, 3226, 3227) recognizes a remedy by action against a collector. It would seem improbable that Congress intended to give a duplicate remedy by action on the allowance of the commissioner.

If the allowance of the commissioner gives *prima facie* right of action against the United States, it is not barred until six years (id., sect. 1069), when the government may have lost the means of impeaching it, whereas Congress seems to have intended to limit the remedy by requiring a presentation within two years to the commissioner (id., sect. 3228), and for a short period against the collector. Id., sects. 983, 3226, 3227.

The approval of the commissioner has no element of a contract. He is not authorized to contract.

4. It will enable a claimant to withdraw from the government the benefit of an examination by the proper accounting officers.

It should require clear language to produce such a result.

Whenever Congress has intended to withdraw from this supervision any class of cases, it has been done in very explicit language. Rev. Stat. sects. 48, 1089, 1911.

III. Congress having given another judicial remedy, it is to be deemed exclusive. Rev. Stat., sects. 846, 989, 3226, 3227; *State* v. *Marlow*, 15 Ohio St. 114; *Commonwealth* v. *Garrigues*, 28 Pa. St. 9; *Commonwealth* v. *Baxter*, 35 id. 263; *Commonwealth* v. *Leech*, 44 id. 332.

*Mr. George L. Douglass* for the appellee.

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

The objections made to the recovery are, in substance: 1, That the Court of Claims had no jurisdiction of the suit, because the claim sued for was not founded on any law of Congress, or upon contract; and, 2, That the appeal to the Commissioner of Internal Revenue was not taken within two years after the cause of action accrued, and that consequently the allowance by that officer was without any authority of law.

The first of these objections is, we think, disposed of by *United States* v. *Kaufman*, 96 U. S. 567. That case arose

under sect. 3426, Rev. Stat., which is as follows: "The Commissioner of Internal Revenue may, from time to time, make regulations, upon proper evidence of facts, for the allowance of such of the stamps issued under the provisions of this chapter, or any internal revenue act, and may have been spoiled, . . . and such allowance shall be made either by giving other stamps in lieu of the stamps so allowed for, or by repaying the amount or value, after deducting therefrom, in case of repayment, the sum of five per cent, to the owner thereof. . . ."

And we held that the allowance of a claim by the commissioner under this section was equivalent to an account stated between private parties, and binding on the United States, until in some appropriate form it was impeached for fraud or mistake, and that, if not paid on proper application through the accounting officers of the Treasury Department, an action might be maintained on it in the Court of Claims, because it raised an implied promise on the part of the United States to pay what might actually be due the claimant, and also because the claim therefor was founded on a law of Congress within the meaning of that term as used in defining the jurisdiction of the court. We cannot discover any material difference between the powers of the commissioner under sect. 3426, and those which he has under sect. 3220. Under sect. 3426 he is to "allow" the claim, which is done either by giving other stamps in lieu of those that have been spoiled, &c., or by repaying the amount or value. Under sect. 3220 he is to "refund" and "pay back." His payments of money in both cases must be made through the accounting officers of the Treasury Department, as he is not himself a disbursing officer. Whether his allowance is conclusive on the other officers, through whose hands it must necessarily pass before it can be paid by the treasurer, we did not then, and need not now decide. All we said then, and all we say now is, that if payment is not made by reason of the refusal of any of the officers of the department to pass or pay the claim after it has once been allowed by the commissioner, the allowance may be used as the basis of an action against the United States in the Court of Claims, where it will be *prima facie* evidence of the amount that is due, and put on the government the burden

of showing fraud or mistake. This burden is not overcome by, proving that some other officer in the subsequent progress of the claim through the department declined to do what the law or treasury regulations required of him before payment could be obtained. The fact of fraud or mistake must be established by competent evidence, the same as any other fact in issue. An allowance by the commissioner in this class of cases is not the simple passing of an ordinary claim by an ordinary accounting officer, but a statement of accounts by one having authority for that purpose under an act of Congress. Until an appeal is taken to the commissioner no suit whatever can be maintained to recover back taxes illegally assessed or erroneously paid. If on the appeal the claim is rejected, an action lies against the collector (Rev. Stat., sect. 3226), and through him, on establishing the error or illegality, a recovery can be had. If the claim is allowed, and payment for any cause refused, suit may be brought directly against the government in the Court of Claims. This, as it seems to us, is the logical result of the legislation of Congress upon the subject. A rejected claim may be prosecuted against the collector, and an allowed claim, not paid, may be sued for in the Court of Claims. To say the least, the decision of the commissioner on the appeal is sufficient to determine whether one form of remedy shall be resorted to by the claimant, or the other.

Upon the other branch of the case we are entirely satisfied with the conclusions reached by the court below, and that the lodging of the appeal made out in due form with the proper collector of internal revenue for the purpose of transmission to the commissioner in the usual course of business, under the requirements of the regulations of the secretary, was in legal effect a presentation of the appeal to the commissioner. The effect of the regulation was to designate the office of the collector of internal revenue as a proper place for the presentation of the appeal. The whole subject is so fully and satisfactorily considered in the opinion below, that we deem it unnecessary to do more than refer to what is there said.

*Judgment affirmed.*