*454 OPINION.
Richardson, J.,
delivered tbe opinion of the court:
This is an action upon the allowance by the Commissioner of Internal Eevenue under the provisions of section 3220 of the Eevised Statutes, which, so far is material in this case, is as follows :
Sec. 3220. Tbe Commissioner of Internal Eevenue, subject to regulations prescribed by tbe Secretary of the Treasury, is authorized, on appeal to-him made, to remit, refund, and pay back all taxes erroneosuly or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected.
Also to.repay to any collector or deputy collector, the full amount of such sums of money as may be recovered against him in any court for any internal taxes collected by him, with the cost and expenses of suit.
Also all damages and costs recovered against any assessor, assistant assessor, collector, deputy collector, or inspector in any suit brought against him by reason of anything done in the due performance of his official duty r Provided * * *
It has been repeatedly held, in the language of the Supreme Court, that such an allowance is “ equivalent to an account stated between private parties, which is good until impeached for fraud or mistake,” and is an adjudication by the Commissioner upon which the Government’s “ liability is complete until in some appropriate form it is impeached.” (Kaufman's Case, 11 C. Cls. R., 659; affirmed on appeal, 96 U. S. R., 567; Bank of Greencastle Case, 15 C. Cls. R., 225; Real Estate Savings Bank Case, 16 C. Cls., R., 335; affirmed on appeal, 104 U. S. R., 728; Barrett & Co’s., Case, 16 C. Cls. R., 515; affirmed on appeal, 104 U. S. R., 728; Dunnegan’s Case, 17 C. Cls. R., 247.)
Exactly what are all the kinds of mistakes which are sufficient to impeach such an allowance has not been determined. It is clear, however, that a mistake of jurisdiction made by the Commissioner would avoid his final decision, and it is equally clear that a mistake of judgment or discretion, while acting within the scope of his jurisdiction, cannot be set up and inquired into to impeach the conclusion to which he arrives. The rule laid down by the Supreme Court in Wilcox v. Jackson (13 Pet., 511), in relation to a similar question, seems to cover the ground on that point.
“ The principle upon this subject is concisely and accurately *455 stated by this court in the case of Elliott et al. v. Peirsol et al. (1 Pet., 340), in these words: ‘Where a court has jurisdiction it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it acts without authority its judgments and orders are regarded as nullities. They are not voidable, but simply void.”’
On the part of the defendants it is urged that because the claimant, before suit brought, had appealed to the Commissioner for refund of this very tax, for the recovery of which his judgment was subsequently obtained, and the Commissioner had rejected his claim, therefore the Commissioner’s power was exhausted, and he had no further authority in the matter, however it might arise, and could not allow payment of a judgment for the recovery of the amount of such tax. This position is untenable for two reasons :
First. An appeal to the Commissioner for refund was a condition precedent to the claimant’s right to bring suit at all, as provided in Bevised Statutes, as follows:
Sec. 2236. No suit shall be maintained, in any court for the recovery of an internal tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority, or of any sums alleged to have been excessive or in any manner wrongfully collected, until appeal shall have been duly'made to the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury, established in pursuance thereof, and a decision of the Commissioner has been had therein: Provided, That if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner, at any time within the period limited in the next section.
It would be an unreasonable construction to give to these provisions of the statutes, that the proceedings which Congress requires to be had before suit can be brought shall be held to be a bar to the relief affoi'ded -by other provisions to officers and creditors after judgment recovered in such suits; in other words, that a compliance with the condition precedent to bringing suit shall operate to defeat the enforcement against the United States of the judgment recovered therein. We cannot adopt such a construction. '
Sceond. This allowance is for the repayment of ajudgment *456 recovered against a collector of taxes under the latter clauses, (before the proviso) of section 3220 of the Revised Statutes, and not for the refund of taxes erroneously or illegally assessed or collected under the first clause of the section. So the action of the Commissioner was not in both cases upon the same subject-matter, as his last decision was founded upon a case different from that involved in his first decision.
Another objection is that certain public officers, the Secretary of the Treasury, the Solicitor of the Treasury, and the Attorney-General, were not notified of the pendency of the claimant’s suit before judgment. This objection is futile, since neither section 3220 of the Revised Statutes nor any other law requires such notice as a condition precedent to the Commissioner’s action. It does appear, however, by the findings that the Commissioner was notified and was informed of the nature and purpose of the suit. This was a matter wholly for the consideration of that officer. He would not have been bound to make the allowance if all the public officers mentioned had been notified, and had appeared and defended the suit; and, on the other hand, if he saw fit in the exercise of that sound discretion to which Congress has intrusted the power, he might allow the repayment of the amount of the judgment, without previous notice of the pendence of the suit to himself or to any other officer of the Government.
It is further objected on the part of the defendants that the Commissioner of Internal Revenue has no authority under section 3220 of the Revised Statutes to allow the repayment of the amount of a judgment directly to the judgment creditor, and that he can make an allowance thereunder only to the collector or other officer himself, after he has paid the judgment recovered against him. That might perhaps be so if the business of the Commissioner were required to be conducted with all the strict and technical formalities applicable to actions at law, or were in fact generally so conducted. But the findings show, what perhaps might be judicially taken notice of, upon suggestion of counsel, as the course of public business, that it has been the uniform practice of the Commissioner and the Secretary of the Treasury, from the first enactment of the refunding statute to the present time, to make allowance in such cases to the judgment creditor, and not to require the collector, or other judgment debtor, first to pay the same out of *457 his owii money, and then himself, to ap.ply for repayment from the public treasury.
The practice is a useful, reasonable, and proper one and ought to be upheld. It would be impracticable, and often impossible, for a collector or other officer to obtain money sufficient to pay such judgments against him, and it would be of no use except to meet a mere technicality. He might be subjected to great hardship, loss, and even bankruptcy if such judgments were required to be enforced against his property before he could obtain the beneficent relief accorded to him by statute. We so held in Dunnegan's Case (17 C. Cls. R., 247).
Unless there were some reasons known to the Commissioner why an officer should be made to pay the judgment himself, it would be a mere idle circuity, not favored in law, to require the money, which the Commissioner intended to refund, to pass to the judgment creditor through the hands of the officer. Cir-cuitos est evitandus. That there were no such reasons in this case is shown by the fact tliiit tlie Commissioner made the allowance to the judgment creditor. His unimpeached decision in that matter ought to be conclusive.
Besides it is by no means a perversion of the meaning of the language of the statute to hold that payment to the judgment creditor in such case is practically and in legal effect payment to the judgment debtor, since it relieves the latter from his liability, and.is therefore'to his use and for his benefit. At the same time it effectuates payment to the very person to whom the money is actually due and ultimately payable, and thus secures the accomplishment of the object of the statute, and prevents the remedy of the judgment debtor from being lost or destroyed through the inaction or pecuniary inability of the defendants’ revenue officers to do an act which does not affect the merits of the case as against the United States,' Benedicta est expositio guando res redimitur a destructione. '■
It must not be overlooked that this is not a proceeding to compel the Commissioner to make an allowance to the judgment creditor, but is a suit upon such an allowance already made by that officer, after he has taken all the facts into consideration, and, so far as it appears or may be inferred, without objection on the part of the judgment debtor and without any claim to the money having been set up by him for his own use.
The judgment of the court is that the claimant recover the sum of $1,092.55.