### CHRISTIE–STREET COMMISSION CO. v. UNITED STATES.

(Circuit Court, W. D. Missouri, W. D. April 25, 1904.)

#### No. 2,731.

1. TAXES—PAYMENT UNDER DURESS—RECOVERY—TORT—JURISDICTION.

The amended petition alleging that the tax sought to be recovered was exacted by threats and paid under duress, the action is for damages sounding in tort. *Held*, therefore, that the action is excepted from the jurisdiction of the Circuit Court, in the first instance, by section 1 of the act of March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752].

2. SAME.

The case of Dooley v. United States, 21 Sup. Ct. 762, 182 U. S. 222, 45 L. Ed. 1074, differentiated, as that was controlled by the construction placed upon section 8, art. 1, of the federal Constitution. As such, the action was founded on the Constitution, and conferred jurisdiction on the Circuit Court under the act of 1887.

3. SAME—LIMITATIONS.

The amended petition, as did the original, disclosing the fact that the plaintiff appealed to the Commissioner of Internal Revenue for redress, under section 3226, Rev. St. U. S. [U. S. Comp. St. 1901, p. 2088], *held*, that the action is subject to the period of limitations imposed by sections 3226 and 3227 of said statutes.

**4. SAME.**

In such case the running of the statute of limitations is not suspended during the pendency of the appeal before the Commissioner of Internal Revenue.

**5. SAME—ESTOPPEL.**

Statements made by ministerial or departmental officers of the government to the claimant pending such appeal, to the effect that the claim would be allowed, or had been certified favorably to the auditing office, constitute no estoppel against the government, so as to avoid the operation of the statute of limitations.

(Syllabus by the Court.)

Harkless, Crysler & Histed, for plaintiff.
Wm. Warner, U. S. Atty.

PHILIPS, District Judge. In its amended petition the plaintiff seeks to escape from the ruling of this court (126 Fed. 991) on the original petition that, the tax having been voluntarily paid, no action to recover the same could be maintained at common law, by now alleging that the tax was paid under duress; i. e., by threatening the company with sequestration of its property, interruption of its business, and with criminal prosecution of its officers. This conceded, the exaction of the tax was not only unlawful, but tortious, and subjected the collector, as a tort feasor, to an action of trespass vi et armis. In its legal essence, it is an action for damages, sounding in tort, simple and pure. Nothing else can be made out of it, unless the court should disregard all recognized distinctions between actions ex contractu and actions ex delicto, and actions on the case and actions in trespass vi et armis. As such, it is expressly excepted from the jurisdiction of this court, in the first instance, by the second section of the act of March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 753], relied on by plaintiff.

In the opinion of this court on the original petition, it was tentatively stated that it might be inferred from the discussion of Mr. Justice Brown in Dooley v. United States, 182 U. S. 222, 21 Sup. Ct. 762, 45 L. Ed. 1074, that this action might be instituted in the first instance in the United States court. On further examination, I am of opinion that the question discussed and uppermost in the mind of the court in that case was whether or not duties could be collected on merchandise imported from the United States into Porto Rico, and vice versa, after the ratification of the treaty between the United States and Spain. It is manifest that the decision of the case was controlled by section 8, art. 1, of the federal Constitution, providing that "all duties, imposts and excises shall be uniform throughout the United States." The action was therefore founded upon the Constitution, and was not, like the case at bar, a simple action sounding in tort for the recovery of an illegal tax coerced by the threats and duress of the ministerial officer. It was not in the mind of the court in the Dooley Case to overrule that long and unbroken line of decisions holding that the government does not subject itself to suits for the torts, misfeasances, or malfeasances of its officers, as indicated by the following cases, which have never been overruled: Gibbons v. United States, 8 Wall. 275, 19 L. Ed. 453; Morgan v. United States, 14 Wall. 534, 20

L. Ed. 738; United States v. Savings Bank, 104 U. S. 728–733, 26 L. Ed. 908; Hill v. United States, 149 U. S. 593, 13 Sup. Ct. 1011, 37 L. Ed. 862; Langford v. United States, 101 U. S. 342, 345, 25 L. Ed. 1010; Schillinger v. United States, 155 U. S. 163, 168, 15 Sup. Ct. 85, 39 L. Ed. 108; United States v. Lynah, 188 U. S. 445, 23 Sup. Ct. 349, 47 L. Ed. 539; Cheatham et al. v. United States, 92 U. S. 88, 23 L. Ed. 561; Kings County Savings Institution v. Blair, 116 U. S. 200, 6 Sup. Ct. 353, 29 L. Ed. 657.

The amended petition, as did the original, shows that the plaintiff elected not to sue the collector for the tort, but sought redress from the government directly under the provisions of section 3226, Rev. St. U. S. (carried forward in U. S. Comp. St. 1901, p. 2088), by appeal-ing to the commissioner of internal revenue to obtain restitution. Ac-cordingly, it is averred that the petitioner filed its written application with said commissioner in October, 1899. This remedy in this class of cases is specifically provided for by said section, and the course pre-scribed is exclusive, and must be pursued, and is subject to all the conditions and limitations therein imposed. Cheatham et al. v. United States, 92 U. S. 88, 89, 23 L. Ed. 561; United States v. Bank, 104 U. S. 733, 734, 26 L. Ed. 908; Snyder v. Marks, 109 U. S. 193, 3 Sup. Ct. 157, 27 L. Ed. 901; Commissioners, etc., v. Buckner et al. (C. C.) 48 Fed. 533.

As this suit was not brought until November 14, 1902, it is barred by the statute of limitations. Sections 3226, 3227, Rev. St. [U. S. Comp. St. 1901, pp. 2088, 2089]. See opinion herein, 126 Fed. 995, 996; Commissioners, etc., v. Buckner et al. (C. C.) 48 Fed. 535.

Nor is the position tenable that the running of the statute of limita-tions in question was suspended during the pendency of the appeal before the Commissioner of Internal Revenue. United States v. Utz, 80 Fed. 849, 26 C. C. A. 184. While that was an action based on an express contract, and was therefore clearly within the provision of the act of 1887 conferring jurisdiction on the United States court in such action, in which the six-years limitation applies, it is direct au-thority against the contention of the plaintiff that the running of the statute is suspended while such claim is being considered by one of the departments of the government. Indeed, as applied to the case at bar, the provision of section 3226, Rev. St. U. S., is too explicit to ad-mit of debate. The only exception made to the two-years limitation therein prescribed is in the proviso "that if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the commissioner at any time within the period limited in the next section"; that is, sec-tion 3227, which declares that:

"No suit or proceeding for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority or of any sum alleged to have been ex-cessive, or in any manner wrongfully collected, shall be maintained in any court, unless the same is brought within two years next after the cause of action accrued."

The plaintiff seeks in the amended petition to escape from this di-lemma by pleading, in effect, that its counsel was led to believe, by

the statements of some one representing the government, that the claim would be allowed when certain evidence and exhibits were furnished by petitioner, and that finally some representative of the Internal Revenue Department stated that the claim had been certified to the auditing department.    If this plea has any office in legal procedure, it is that of an estoppel.    If it could obtain in a suit against the government, the statement, as made in the petition, would be bad.    It should state what officer made such representation, so that the court could say whether he was in a position to bind his principal.    And in the second place, the plaintiff could not be justified in accepting such statement when the records of the commissioner's office, which is a public record, would show officially whether or not such final action had been taken, and when an inquiry and examination at the auditor's office would have developed the truth.    But aside from this, the government would be in a sorry plight if the neglects, the careless speeches, and self-excusing or self-serving statements of its ministerial officers or agents could create waivers and estoppels in suits by and against the government.    It has been the recognized doctrine since the foundation of the government that "it does not undertake to guaranty to any person the fidelity of any of the officers or agents whom it employs, since that would involve it, in all its operations, in endless embarrassments and difficulties and losses, which would be subversive of the public interests."    United States v. Kirkpatrick, 9 Wheat. 720, 6 L. Ed. 199; Dox v. Postmaster General, 1 Pet. 318, 7 L. Ed. 160. As said by Mr. Justice Miller in Gibbons v. United States, supra, "No government has ever held itself liable to individuals for the misfeasance, laches, or unauthorized exercise of power by its officers and agents."    See, also, Hart v. United States, 95 U. S. 318, 24 L. Ed. 479, in which Mr. Justice Waite said, "The government is not responsible for the laches or the wrongful acts of its officers."

Out of this doctrine has grown the rule that no officer of the government is authorized to waive the statute of limitations imposed in favor of the government.    Accordingly, Mr. Justice Harlan, in Finn v. United States, 123 U. S. 227, 8 Sup. Ct. 82, 31 L. Ed. 128, said:

"The general rule that limitation does not operate by its own force as a bar, but is a defense, and that the party making such a defense must plead that statute if he wishes the benefit of its provisions, has no application to suits in the Court of Claims against the United States.    An individual may waive such a defense either expressly or by failing to plead the statute, but the government has not expressly or by implication conferred authority upon any of its officers to waive the limitation imposed by the statute upon suits against the United States in the Court of Claims."

And since the Circuit Courts have acquired no greater right in this respect by the enabling act of 1887, the same rule applies to suits instituted in the Circuit Court.

The demurrer to the amended petition is sustained