UNITED STATES v. FINCH et al.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1912.)

No. 1,867.

COURTS (§ 426*)—DISTRICT COURT—JURISDICTION—UNLAWFUL ASSESSMENTS—RECOVERY.

Rev. St. §§ 3220, 3226, 3227, 3228 (U. S. Comp. St. 1901, pp. 2086–2089), authorizing the recovery of internal revenue taxes wrongfully imposed, does not prescribe a remedy inconsistent with the general provisions of Tucker Act March 3, 1887, c. 359, § 1, 24 Stat. 505 (U. S. Comp. St. 1901, p. 752), prescribing the jurisdiction of the Court of Claims, and declaring (section 2) that the District and Circuit Courts shall have concurrent juris-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

diction for amounts named, and hence a federal District Court had jurisdiction of an action to recover money paid to the United States under an erroneous assessment imposed as an internal revenue tax and penalty.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1131; Dec. Dig. § 426.*]

In Error to the District Court of the United States for the Western District of Wisconsin; A. L. Sanborn, Judge.

Action by Benjamin Finch and another, doing business as Finch Brothers, against the United States of America. Judgment for plaintiffs, and defendant brings error. Affirmed.

George H. Gordon, of La Crosse, Wis., for the United States.
C. H. Crownhart, of Superior, Wis., for defendants in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge. The judgment of the District Court awards recovery against the United States for an amount the defendants in error were compelled to pay under an alleged erroneous assessment imposed by the Department of Internal Revenue, as an internal tax and penalty. It rests on findings of fact which support the averments of the petition that the defendants in error were not engaged in the business for which the assessment was imposed, namely, that of "wholesale dealer in oleomargarine"; and the only assignment of error which calls for discussion is one challenging the jurisdiction of the District Court to entertain the cause.

The suit was instituted and proceeded to judgment as authorized under the provisions of the Act of March 3, 1887, c. 359, 24 Stat. 505, known as the Tucker Act (1 U. S. Comp. St. 1901, p. 752; 2 Fed. Stat. Ann. 80). This statute expressly provides (section 1) that the Court of Claims shall have jurisdiction to hear and determine claims against the United States, founded upon the Constitution, laws of Congress, or "regulations of an Executive Department," and (section 2) that District and Circuit Courts shall have concurrent jurisdiction therein for amounts named. Certain classes of claims are excepted therefrom, not applicable in terms to the case at bar; and the claim in suit is plainly enforceable thereunder, unless the statute under which it arises provides other inconsistent remedy.

The contention is that such inconsistency appears in the provisions of the several sections of the Internal Revenue statute, in reference to recovery for unlawful assessments made and collected, namely, sections 3220, 3226, 3227, and 3228, R. S. (U. S. Comp. St. 1901, pp. 2086–2089); and that an exclusive remedy is thereby intended for recovery against the collector. The sections cited expressly authorize the Commissioner (section 3220), on appeal to him, to remit or refund taxes and penalties erroneously assessed or collected, and provide (section 3226) that "no suit shall be maintained in any court for recovery" thereof, until appeal shall be made to the Commissioner and his decision "has been had therein." Such appeal and adverse decision are averred and found as conditions precedent to the present suit. We are advised of no further provision thereof for recovery,

whether by suit against the collector (as contended) or otherwise. For the proposition that an exclusive remedy against the collector was intended, counsel relies upon remarks appearing in the course of the opinion, in United States v. Savings Bank, 104 U. S. 728, 734 (26. L. Ed. 908), that "an action lies against the collector" when the Commissioner rejects a claim under section 3226. But we do not understand that such inquiry was involved in the case, nor that the decision rested thereon in any measure; moreover, the remark was made long prior to the above-mentioned Tucker Act, although subsequent to the original act (section 1059, R. S. [U. S. Comp. St. 1901, p. 734]), conferring rights of action upon claims in the Court of Claims.

The question here presented, however, does not require solution of the inquiry whether recovery may be authorized against the collector, as the jurisdictional test must be whether the several provisions for recovery of internal taxes prescribe a remedy which is inconsistent with the general provision of the Tucker Act, and may thus operate to exclude other remedies. Vide Nichols v. United States, 7 Wall. 122, 130, 19 L. Ed. 125. We believe no such inconsistent provision appears in the sections referred to, and that the rule upheld in Dooley v. United States, 182 U. S. 222, 21 Sup. Ct. 762, 45 L. Ed. 1074, and authorities cited in the opinion, furnishes ample support for jurisdiction over the claim in suit.

The judgment of the District Court is affirmed.