## AUSTIN CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Sixth Circuit.
November 15, 1929.

No. 5206.

Jones, District Judge, dissenting.

C. M. Horn, of Cleveland, Ohio (W. B. Stewart, of Cleveland, Ohio, on the brief), for appellant.

Shelby S. Faulkner, Sp. Atty., Board of Internal Revenue, of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., and J. Louis Monarch and John G. Remey, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before MOORMAN and HICKENLOOPER, Circuit Judges, and JONES, District Judge.

MOORMAN, Circuit Judge. In April, 1918, the petitioner made its income tax return for the year 1917, showing an income and excess profit tax amounting to $367,430.78. Thereafter, upon examination by the commissioner, an additional tax was assessed against the petitioner, making the total of such taxes for the year $558,009.78. This tax was duly paid. In June of 1923, the petitioner filed with the commissioner its application for a determination of its income and profit taxes for 1917 under section 210 of the Revenue Act of 1917, 40 Stat. 307. In August of 1923, the commissioner allowed the application, determined the amount of tax liability, and allowed the petitioner a refund of taxes, with interest, amounting to $327,593.74. This refund was paid. Later, on March 19, 1924, the commissioner, without being requested to do so, and without making any further examination of the petitioner's books, assessed an additional tax liability against the petitioner for 1917 in the sum of $39,938.79. The Board of Tax Appeals on appeal thereto by petitioner affirmed the action of the commissioner, and the case is here on petition to review the action of the Board.

The petitioner contends that when the commissioner allowed its application for a special assessment under section 210, and determined its liability thereunder, making a refund of taxes that it had theretofore paid, there was a final and conclusive assessment binding upon the government and the taxpayer, and the commissioner was thereafter without power to make any further assessment. In Woodworth v. Kales, 26 F.(2d) 178 (6 C. C. A.), relied upon by the petitioner, it affirmatively appeared that the action of the commissioner was not based upon any fraud or mistake of law or fact, but upon a changed inference of fact from the same evidentiary facts, or what the commissioner thought was "a new and better view of the same facts." Additional considerations were that the reassessment there complained of was made by a succeeding commissioner and after two actions approving the original. Giving to that case the broadest possible construction, it is yet true, as there held, that the action of the commissioner here relied upon was subject to revision for fraud or mistake of fact. If either of these elements entered into the original assessment, we do not doubt that upon discovery thereof by the commissioner he had the right to correct it by making a reassessment.

The original assessment here, made under section 210, was not based entirely upon facts contained in the taxpayer's return, but

depended also upon comparative earnings of representative corporations engaged in a like or similar business, the data for which the commissioner either had in his office or was obtaining as such other corporations made their returns. There was no evidence before the Board to show upon what the commissioner acted in making the additional assessment—whether upon new and further facts which he conceivably received from later reports of comparative corporations, upon a corrected view of the law which should control his conclusion, or upon a different fact-inference from the same evidentiary facts. He had the right to make such an assessment under the first two contingencies, and having that right, the question arises: What effect is to be given to his action in the absence of any evidence of the facts or as to the law upon which he acted, that is, was the burden on the commissioner to show that the reassessment was made because of mistake of fact or law in the first assessment, or was it on the petitioner to show that it was made upon a new and different view of the same facts?

■ It is settled by the decisions of the Supreme Court that the findings of the commissioner are prima facie correct, and that the taxpayer who complains of them has the burden before the Board of Tax Appeals of showing that they are wrong. Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184. It is said, however, that the presumption which arose from the fact of this additional assessment was overcome by a like presumption attaching to the original assessment, and that the burden was on the commissioner to show that his later action was taken for reasons authorized in the Woodworth Case. We cannot concur in that view. The question before the Board concerned the additional assessment, not the earlier one. The action of the commissioner in making it was under attack. The law gave him the right to make it under certain circumstances. There is a presumption that he performed his duty, that is, that he acted upon all the facts before him, including new and different ones. United States v. Chemical Foundation, 272 U. S. 1, 14, 47 S. Ct. 1, 71 L. Ed. 131. This presumption of the existence of such new facts is not inconsistent with the presumption attaching to the first assessment, that the commissioner acted upon all the facts then before him. Moreover, it was within the power of the petitioner to obtain the facts of both assessments through the processes of the Board of Tax Appeals. Blair v. Oesterlein Machine Co., 275 U. S. 220, 48 S. Ct. 87, 72 L. Ed. 249. It did not

do this, but relied upon lack of authority in the commissioner to make any further assessment. Even though there was lack of authority to make such assessment upon a changed view of the same facts, there was not lack of authority to make it where there was fraud or mistake of law or fact in the original assessment. In this situation the burden was on the petitioner to show that the commissioner's action grew out of circumstances which did not warrant it.

■ A question made in this court but not presented to the Board of Tax Appeals is that the assessment is barred by the statute of limitations. Reliance is placed on Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255. We do not think that decision applicable. What it holds is that section 278 of the Act of 1924 (26 USCA § 1061 note), fixing a limitation of six years for collecting a tax by "distraint or a proceeding in court," does not apply to assessments made before the passage of that act. This is not a proceeding in distraint or in court to collect a tax, and admittedly the limitations of the Act of 1918, 40 Stat. 1057, continued by the Act of 1921, 42 Stat. 227, are applicable. Those acts provide that the tax shall be assessed by the commissioner within five years after the return, and that "no suit or proceeding for collection of any such tax shall be begun" after the expiration of the five years. Except for a waiver which petitioner executed and filed with the commissioner, limitation would have expired, under these statutes, April 1, 1923. The waiver was executed February 15, 1923, and was unlimited, but an order of the commissioner issued April 11, 1925, directed that all such waivers should be held to expire April 1, 1924. Giving full effect to this order of the commissioner, he nevertheless had the right to make the assessment at any time prior to April 1, 1924. The assessment was made March 19, 1924. Whether the government could have collected this tax after the expiration of the five years, and what effect is to be given the action of the petitioner in appealing from the ruling of the commissioner to the Board of Tax Appeals, are questions that are not before us. The petitioner did appeal after the expiration of the five years, and did not raise before the Board any question of limitation or of the collectibility of the tax. The Board passed upon the only question presented to it, that is, the validity of the action of the commissioner in assessing the tax. The propriety of that action is the question before us, and we repeat that we are not here concerned with the power or means to collect the tax, but

only with whether the commissioner acted within his authority and according to law in making the assessment. On the record before us we cannot say that he did not.

Petition dismissed.

JONES, District Judge (dissenting). Under section 210 of the Revenue Act of 1917, and in the case of this taxpayer, the commissioner had discretionary powers in the determination of its tax liability (Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985) which gave somewhat more finality to his conclusions than in cases where he was bound by statutory rule of fixed percentages. Having such power and having determined the tax and authorized a refund of overassessment which was paid to and accepted by the taxpayer, the commissioner's action and the acceptance of the refund by the taxpayer extinguished the tax liability. Save for fraud or mistake, no further action could be taken; but in that event the government might sue to recover as for money had and received through such fraud or mistake, and the burden would be where it rightfully should be. It seems to me that reason dictates such requirement, and that the law contains no provision or implication otherwise.

Taxing laws are to be construed strongly against the government in favor of the taxpayer. Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211. The commissioner cannot, in my view, under the guise of additional assessment or deficiency assessment, recover taxes refunded and accepted as in this case. Under this conclusion, it is of course immaterial that the taxpayer failed to negative mistake of fact or law as to the first assessment, in the proceedings before the Board of Tax Appeals. Stripped of all form, he is seeking to recapture money which he has adjudged to belong to the taxpayer, by a method not open to him.

In the petition of the taxpayer, filed with the Board of Tax Appeals January 15, 1926, it, in paragraph 4, averred (Transcript of Record, p. 2):

"The determination of the tax contained in the said deficiency letter is based upon the following error:

"The Commissioner erroneously assumed authority and jurisdiction to make such assessment which was made under the following facts and circumstances: * * * *"

And then follows a statement of all the facts before us.

By Paragraph 6 (Transcript of Record, p. 4) the taxpayer asserts that it relies for its appeal on *the following proposition of law:*

"The Commissioner in entertaining and granting the taxpayer's application to be assessed for income and profits taxes under the provisions of section 210 of the Revenue Act of 1917, and his action thereunder in determining the amount of taxes to be lawfully assessed against the taxpayer, exercised the power conferred by said Act of Congress, and fully and finally determined said matter. His order in the premises directing the refund to be made to taxpayer, and the actual refund thereof by the Government, closed and ended the transaction, and said Commissioner of Internal Revenue had no authority, right or jurisdiction to again reconsider said matter. Taxpayer contends that all proceedings taken by the Commissioner of Internal Revenue after said original determination of August 27, 1923, were and are without authority of law and null and void."

To this petition the commissioner answered admitting the facts contained in the petition and averring that the propositions of law were: (1) The assessment made by the commissioner was made within the scope of his authority and represented a valid and legal assessment; (2) the United States Board of Tax Appeals has no jurisdiction in this case (Transcript of Record, p. 16). After the hearing before the Board of Tax Appeals, the Commissioner *moved to dismiss the proceeding upon the ground that he had not determined a deficiency within the meaning of the statute,* and that the Board is without jurisdiction to determine the issue raised. (I think this motion well might have been sustained, since the tax assessed was not in fact a deficiency but represented a changed view of the commissioner.) The Board of Tax Appeals made findings of fact which were not in dispute and by opinion denied the commissioner's motion to dismiss the proceedings for lack of jurisdiction and stated as its opinion (Transcript of Record, p. 20):

"The Board has heretofore had occasion to consider the question raised by petitioner relating to the authority of the Commissioner to reconsider his action after having made a refund of taxes to a taxpayer, under a similar state of facts, and has held that the Commissioner may within the statutory period, or within the statutory period or such period as may be agreed upon between the Commissioner and the taxpayer, assess such tax as he determines to be due."

Thus it seems to me that a question of law as to the authority of the commissioner was definitely and specifically raised before the Board, and as to which it decided adversely to this taxpayer. In other words, the appel-

lant contended before the Board of Tax Appeals that the commissioner acted without authority. The commissioner admitted the facts in the petition, denied he was without authority to assess the tax, and moved to dismiss for lack of jurisdiction for the reason that he had not determined a deficiency in tax. In this situation the Board of Tax Appeals decided against both. It seems to me there could be no burden on the taxpayer to prove that the commissioner was undertaking to do what he had no lawful authority to do; that is, make a deficiency assessment after the tax liability had been extinguished. It is for the government to assert the commissioner's mistake and impeach his judgment by appropriate action. United States v. Kaufman, 96 U. S. 567, 571, 24 L. Ed. 7,92; United States v. Real Estate Savings Bank, 104 U. S. 728, 733, 26 L. Ed. 908. The findings of the commissioner in making assessments may be prima facie evidence of their correctness, if he has the lawful right to make them, but where he has previously taken lawful action (a determination involving administrative discretion), which precludes such further findings, they have no force at all.

Assuming the Board had jurisdiction to decide the question of the commissioner's authority, it was clearly a legal question with all the essential facts conceded and before it. No other showing was necessary. The presumption of the validity of the commissioner's findings fails if he had no lawful authority to determine a deficiency assessment. The taxpayer on appeal to the Board of Tax Appeals assailed the commissioner's action, not because of an erroneous, wrong, or illegal assessment, but because he had no lawful authority to make any assessment.

The conceded facts before the Board raised the legal question of the commissioner's authority. No other evidence was necessary. I have heretofore taken this view in a somewhat analogous case, Sterling Spring Company v. Routzahn, No. 14485 in Law, decided orally. No review of this case was taken by the government.

Subsequent legislation has made statutory the rule and principle of law which had theretofore been applied by the courts respecting the finality of the commissioner's determination of the assessment and the taxpayer's acquiescence therein, but such legislation does not transform an absence of authority for making an assessment into a valid ground therefor.

I think the view taken here is supported by the Kales Case, wherein affirmance was based upon the proposition that the commissioner's action in determining the assessment, acquiesced in and paid by the taxpayer, constituted an adjudication; and that unless authority, express or clearly implied, is given by statute the tax cannot be reopened or reassessed. In that case the government appears to have *advanced the claim* of justification that "a new and better view of the same facts," resulted from a matured and better judgment, and *made no claim* of fraud or misrepresentation or of new *evidence, or of mistake of law or fact*. Nor do I see how any clearer implication or authority can arise out of the fact that the same commissioner here is endeavoring to do what it was held in the Kales Case a successor could not do. There would seem to me to be no more reason for permitting the same commissioner to reverse himself under such circumstances than in permitting a successor to reverse him. The principle of the finality of the action is the same in either case.

If this taxpayer had not appealed to the Board of Tax Appeals, but had paid the assessment under protest and then sued to recover it, the situation would have been the same as in the Kales Case.

If the commissioner had the power to make the deficiency assessment, I do not think the government should be deprived of its just taxes because of the unwarranted action of the commissioner in making the so-called jeopardy assessment under an apparent misapprehension of the taxpayer's character or intention.

Under the assumption of the validity of the assessment, I agree with the conclusion of the majority of the court respecting the question of the statute of limitations.