Nott, J'.,
delivered the opinion of the court:
A number of points were presented and ably argued on the hearing of this case, but in the opinion of the court it turns and must be decided upon only one of them.
The action is to recover an unpaid balance of a refund of internal-revenue taxes allowed by the Commissioner of Internal Revenue and approved by the Secretary of the Treasury. Such an allowance is an award, and upon it an action may be maintained in. this court. (United States v. Kaufman, 96 U. S. R., 567, affirming decision in 11 O. Cls. R., 659.) Such an award is conclusive unless impeached, and the burden of impeaching it is upon the defendants. In this case they have not sought to do so.
The defense is in fact, though not in form, by way of set-off, and goes only to a portion of the demand. That is to say, the amount set up by the defense is less than the amount of the award.
The facts which present the point to be determined are practically embodied in two acts of Congress. In 1890 a statute was passed authorizing the Secretary of the Treasury and the Commissioner of Internal Revenue to adjust the claim of the city of Louisville for a refund of “taxes on dividends on shares of stock” which the city owned in the Louisville and Nashville Railroad. The Secretary and Commissioner made a refund in which they allowed the city $24,801.14 on account of taxes paid on cash dividends and $17,712.89 on account of taxes paid on “undistributed surplus,” or profits of the road, the whole amounting to $42,514.03. Subsequently Congress, by the Deficiency Act, 30th of June, 1891 (26 Stat. L., pp. 862, 867), made the following appropriation:
“Payment to city of Louisville, Kentucky: For payment to the city of Louisville, Kentucky, tbe amount found due under the act of Congress approved June sixteenth, eighteen hundred and ninety, and reported to Congress in House *22 Executive Document if umbered Two hundred and sixty, of the present session, forty-two thousand five hundred and fourteen dollars and three cents.”
The defendants insist that the allowance by the Commissioner of Internal Revenue of the amount of $17,712.80 on account of taxes paid on stock dividends was erroneous and unauthorized by the act of 1890, and that the subsequent Act 25th of February, 1893 (27 Stat. L., p. 477), has reopened the matter so that the erroneous allowance of the Commissioner can be set off against the unquestioned award which is the subject of the present suit.
This act of 1893, like the act of 1890, authorizes and requires the Commissioner of Internal Revenue to audit and adjust claims of the city of Louisville and of certain counties in Kentucky for internal-revenue taxes on dividends declared by the Louisville and Nashville Railroad Company. It also directs that this shall be done notwithstanding “ any statute of limitations to the contrary;” and it finally directs that “the amounts when ascertained, as aforesaid, and not heretofore refunded, shall be paid out of the permanent annual appropriation provided for similar claims allowed within the present fiscal year.”
If Congress intended to make the remedy granted by this statute conditional upon the reexamination of the claim previously adjudicated and paid under the acts of 1890-1891, there should have been a provision signifying such an intent. If it had provided that the Secretary and Commissioner, or the accounting officers of the Treasury, might reexamine the award that had then been made and satisfied, and deduct any erroneous overpayment from any amount which might be allowed on the claims which might be allowed under the act of 1893, the claimant by seeking relief under the statute would be deemed to have agreed to the prescribed condition. But the statute as it stands expresses no intent to disturb what has been done, and no such intent can be read into it where there is no such implication. The question, therefore, is whether the refund of taxes, if made by the Commissioner of Internal Revenue in excess of his statutory authority, can be recovered back after it has been paid under and by the express authority of an act of Congress.
It is the opinion of the court that money paid to a designated *23 person by authority of a specific appropriation of Congress can not be recovered back because of subsequently discovered mistake of fact or error of law. The Supreme Court said in United States v. Jordan (113 U. S. R., pp. 418, 422, and see 19, C. Cls. R., 108):
“ The Court of Claims held that the statute did not admit of that interpretation, nor leave open any question for the court or for' the accounting officers of the Treasury except the identity of the claimants with the persons named in it; and that its language, taken together, was too clear to admit of doubt that Congress undertook, as it had a right to do, to determine not only what particular citizens of Tennessee by name should have relief, but also the exact amount which should be paid to each one of them. We concur in this view.”
The language is authoritative to this court and decisive of the present case. The judgment of the court is that the claimant recover the amount withheld by the accounting officers from the award made under the act of 1893, to wit, the sum of ^$17,633.43.