## JNITED STATES *v.* LOUISVILLE.

### APPEAL FROM THE COURT OF CLAIMS.

No. 105. Argued January 5, 6, 1898. — Decided February 21, 1898.

The act of March 3, 1891, c. 540, providing for the payment to the city of Louisville of the amount found due under the act of June 16, 1890, c. 424, was in the nature of a judgment, final in its character, and subject to no appeal, and the duties of the officers of the Government thereafter charged with the payment of the moneys appropriated by that act were not discretionary, and were limited to the clerical functions of making payment as directed by the act.

By the act of February 25, 1893, c. 165, making provision for the payment of further and other claims of the same character, Congress did not intend to in anywise open the transactions which had been closed by the payment of the moneys directed in the act of 1891.

THIS is an appeal from a judgment of the Court of Claims in favor of the city of Louisville, based upon a petition filed in that court for the recovery of seventeen thousand and some odd dollars, alleged to be due the city from the Government on account of taxes improperly collected.

It appears that between the years 1862 and 1872 the city of Louisville, Kentucky, owned a large amount of bonds and stock of the Louisville and Nashville Railroad Company, upon which the company paid interest and declared cash dividends, retaining, however, during most of the time an undistributed surplus. Under the internal revenue law, § 122, act of June 30, 1864, c. 173, 13 Stat. 223, 284, in force during this period, the company paid taxes to the United States upon its gross receipts, its undistributed surplus, the interest payable on its bonds, and its cash dividends. The taxes paid on interest and dividends were deducted from the amounts due as interest and dividends, 'so that the revenues of the city of Louisville accruing from these sources were diminished to the extent of such deductions;

---

[1] The docket title of this case is " The United States, Appellant, *v.* The Commissioners of the Sinking Fund of the City of Louisville, and the City of Louisville."

but these deductions were not known to the Commissioners of the Sinking Fund of the city until the time had expired for an application to the Government to be repaid the taxes so deducted.

In 1872, in the case of *United States* v. *Railroad Company*, 17 Wall. 322, this court decided that a tax under the above-named section 122 of the internal revenue act, upon the interest on bonds issued by a railroad company, was a tax upon the creditor and not upon the corporation paying it, and that a municipal corporation, being a portion of the sovereign power of a State, was not subject to taxation by Congress upon its municipal revenues.

The time for making application for repayment of the taxes thus illegally obtained having passed, Rev. Stat. §§ 3220, 3228, resort was had to Congress, which enacted the statute approved June 16, 1890, c. 424, 26 Stat. 157. The statute authorized and required the Secretary of the Treasury and the Commissioner of Internal Revenue "to audit and adjust the claim of the board of sinking fund commissioners of the city of Louisville, Kentucky, for internal revenue taxes on dividends on shares of stock owned by said board for said city of Louisville in the Louisville and Nashville Railroad Company, to the extent such taxes were deducted from any dividends due and payable to said board, and to pass upon said claim and render judgment thereon, in the same manner and with the same effect as if said claim had been presented and prosecuted within the time fixed and limited by law."

Pursuant to the provisions of this act, the city of Louisville presented to the proper officers of the Treasury Department its claim to recover taxes to the amount of $65,578.32, of which the officers allowed $42,514.03, the latter sum being made up, as stated, of two items, one of $24,801.14, taxes which had been deducted from cash dividends, and $17,712.89, taxes which had been deducted from surplus profits which, on the 17th of November, 1867, had been set apart by resolution of the board of directors of the railroad company as the basis of a stock dividend, which was directed to be distributed in February, 1868. The amount of $42,514.03, having been

audited and allowed, was reported by the Secretary of the Treasury to Congress for its action, there being no appropriation from which the money awarded the city could be paid.

· Under the act of March 3, 1891, c. 540, being an appropriation to supply deficiencies, 26 Stat. 862, at 867, Congress provided as follows : " Payment to city of Louisville, Kentucky : For payment to the city of Louisville, Kentucky, the amount found due, under the act of Congress approved June 16, 1890, and reported to Congress in House Executive Document No. 260, of the present session, $42,514.03." The amount thus appropriated was duly paid to the city, as directed by Congress.

Subsequently another application was made to Congress, and that body passed the act approved February 25, 1893, 27 Stat. 477, a copy of which is set forth in the margin.[1]

Under this act the city of Louisville applied to the proper officers of the Government for a further refund of $34,667.80 on account of taxes claimed to have been illegally exacted. One item in this last-named claim, amounting to $3008.40,

---

[1] " Chap. 165. An act for the benefit of the State of Kentucky, Logan and Simpson Counties, and of Louisville, Kentucky, and of Sumner and Davidson Counties, Tennessee.

" *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, be, and he is hereby, authorized and required to audit and adjust the claims of the Sinking Fund Commissioners of the State of Kentucky, of Logan and Simpson Counties in said State, of the city of Louisville, Kentucky, and of Sumner and Davidson Counties, Tennessee, for internal revenue taxes collected on railroad dividends on stock and on interest on railroad bonds owned by said counties and city, respectively, in the Louisville and Nashville Railroad Company, and of said State for internal revenue taxes collected and interest on railroad bonds of the railroad from Louisville to Lexington and on dividends on stock of said railroads owned by said State, and due and payable to said Boards of Sinking Fund Commissioners, respectively, and to said State, counties and city, to the extent that such taxes were deducted from any dividends or interest due and payable to such boards, respectively, and which have not been heretofore refunded, and for this purpose any statute of limitations to the contrary notwithstanding. sections nine hundred and eighty-nine, thirty-two hundred and twenty, thirty-two hundred and twenty-six, thirty-two hundred and twenty-seven, and thirty-two hun-

the appellants insist was for taxes collected by the Government from the railroad company upon its undistributed surplus in 1868 and 1871, and that this item had been included in the claim presented in 1890, but had not been allowed because, as stated in the determination made by the Commissioner of Internal Revenue, the act of June 16, 1890, under which the application for refunding was made, limited an adjustment of the claim " to the extent that such taxes were deducted from any dividends due and payable, and did not direct the adjustment of the claim to the extent that taxes were deducted from interest or gross receipts."

The Acting Commissioner of Internal Revenue audited and adjusted the claim made under the act of 1893, at its full amount, and as incidental to such audit and adjustment he assumed to reëxamine the claim allowed in 1891. The result of such reëxamination of the latter claim was a reduction to the extent of $3548.89, which sum was deducted from the amount allowed under the act of 1893, reducing it to the sum of $31,359.02. When the claim reached the First Comptroller a further sum of $17,633.85 was deducted by him, which consisted principally of the amount allowed and paid in 1891 for taxes on surplus, which left a balance payable to the city of $13,725.17, for which sum the Comptroller directed a draft to be issued. To recover the amount thus deducted from the claim as audited and allowed under the act of 1893, the city of Louisville commenced this proceeding in the Court of Claims, which rendered judgment in its favor for the amount demanded. The Government brought the case here for review.

*Mr. Charles C. Binney* for appellants. *Mr. Assistant Attorney General Pradt* was on his brief.

---

dred and twenty-eight of the United States Revised Statutes are hereby made applicable and available with the force and effect, as if protest and demand for payment had been made within the time prescribed by said sections; and the amounts, when ascertained, as aforesaid and not heretofore refunded, shall be paid out of the permanent annual appropriation provided for similar claims allowed within the present fiscal year.

" Approved February 25, 1893."

*Mr. Alphonso Hart* for appellees.   *Mr. Fontaine T. Fox* was on his brief.

MR. JUSTICE PECKHAM, after stating the facts, delivered the opinion of the court.

The claim here made is that the officers of the Government committed an error in auditing and allowing the amount paid in 1891 for taxes on surplus, as those taxes, it is said, were not referred to in the act of 1890 and should not have been reported to Congress or ordered paid by it, and that the power to review this action (if not previously existing) was created by the act of 1893, above set forth.

We think the judgment of the Court of Claims is right.   By the payment under the act of 1891 the questions involved were ended.   It was not only an auditing and allowance by the proper officers of the Treasury of a claim over which they had jurisdiction, but the amount was paid under the direct commandment of an act of Congress specifically appropriating the particular sum reported to it as due to the city of Louisville and for the payment of which the authority of Congress was needed.

Laying for a moment the act of 1893 out of view, it seems clear to us that there was no power on the part of the officers of the Treasury to reëxamine the correctness of the claim paid by virtue of the act of 1891, or to reverse that action on the ground that a mistake of law had been made in the decision reported to Congress upon which it passed the act last named. The officers who acted under the statute of 1890 (the Secretary of the Treasury and the Commissioner of Internal Revenue) performed their duties in examining, auditing and allowing the claim as they thought the facts and the law required.   It was not the case of an allowance of an ordinary claim against the Government by an ordinary accounting officer, any more than was the case of *United States* v. *Kaufman,* 96 U. S. 567, 570, or that of *United States* v. *Savings Bank,* 104 U. S. 728. When the decision of these officials was by the Secretary of the Treasury reported to Congress and an appropriation made

by that body in 1891 of the specific sum mentioned in the report, with directions to pay the amount thus appropriated to the city of Louisville, the time for examination had passed, and it was the duty of the proper officers of the Government to pay the money as directed by the statute.

We also think the subsequent statute of 1893 gave no right to the Treasury officers to interfere with or in any manner to review the action of the Government under the statutes of 1890 and 1891. It may be true that a small portion of the claim made by the city under the act of 1893 had theretofore been made under the act of 1890, but that portion had then been rejected and, of course, never audited, allowed or paid. Because a small sum which had once been rejected was included in the principal claim made by the city in 1893, no sort of foundation was thereby laid for the assertion of a right on the part of the Government to review and, in substance, reverse the prior action of the Treasury Department in allowing a claim which had been thereafter affirmed by Congress with a substantial direction to pay the amount thereof, and which had been paid accordingly.

The authority given by the act of 1893 required the officers therein named to audit and adjust the claims of the city of Louisville for internal revenue taxes to the extent that such taxes were deducted from any dividends or interest due and payable to the city *and which had not been theretofore refunded*, and for this purpose the statute of limitations was repealed and certain sections of the Revised Statutes were made applicable, and the amounts, when ascertained and not theretofore refunded, were directed to be paid out of the permanent annual appropriation provided for similar claims allowed within the present fiscal year (1893). We think this provision gave no jurisdiction to interfere with or to review the action of the Treasury officials under the act of 1890, or the action of Congress in enacting the statute of 1891.

The act of 1891 was in the nature of a judgment, final in its character, and subject to no appeal, and the duties of the officers of the Government thereafter charged with the payment of the moneys appropriated by that act were not discretionary,

and were limited to the clerical functions of making payment, as directed by the act. *United States* v. *Jordan,* 113 U. S. 418. It cannot be possible that Congress had the least intention, when making provision for the payment of other and further claims of the same character, to in anywise open the transactions which had been closed by the payment of the moneys directed by the act of 1891. We have no doubt whatever that if Congress had any such intention it would have made it clear by the use of far different language from that which is contained in the act of 1893. It would have said, in so many words, that, in proceeding under the statute of 1893, the officers named therein should examine into the correctness of the decisions arrived at in 1890 and 1891.

The judgment of the Court of Claims was right, and it should, therefore, be

*Affirmed.*

