ADAIR COUNTY, IOWA, Appellant, v. W. F. JOHNSTON and FIRST NATIONAL BANK OF FONTANELLE, Appellees.

**Taxation:** PAYMENT OF ILLEGAL TAX: RETURN TO TAXPAYER: RECOVERY BY COUNTY. Where the holder of national bank stock paid taxes thereon under a law subsequently held invalid, and the county with full knowledge of all the facts refunded the same, it could not thereafter recover the money on the theory that it was voluntarily paid in the first instance, even though the taxpayer could not for that reason have compelled its return. The same rule respecting voluntary payment would be binding upon the county as well as the taxpayer.

*Appeal from Adair District Court,* HON. W. H. FAHEY, Judge.

-THURSDAY, JULY 3, 1913.

THE defendant Johnston paid to the treasurer of the plaintiff county certain taxes levied upon certain national bank stock. The act under which the levy was made was afterwards declared invalid. Thereupon the county refunded to the defendant the amount so paid by him. Thereupon the county brought this action to recover of the defendant the tax so refunded. Judgment for the defendant. Plaintiff appeals.—*Affirmed*.

*O. W. Witham, County Attorney* and *F. O. Hinkson,* for appellant.

*Frank B. Wilson* and *E. W. Adams,* for appellees.

PER CURIAM.—For the years 1906 and 1910 there was listed with the assessor for taxation certain shares of bank stock belonging to the defendant W. F. Johnston. The shares represented stock in the First National Bank of Fontanelle. The assessor placed the same upon his assessment roll for taxation as the property of Johnston. There was levied a tax against Johnston, on acount of said bank stock, for the year 1906, $64, and for the year 1910, $120.64. After the levy was made, the taxes aforesaid were placed upon the tax books of the plaintiff county for collection. The defendant Johnston paid the same to the treasurer of the county on March 16, 1907, $32.25; September 9, 1907, $32.25, being the total tax levied for 1906; on March 21, 1911, $60.32, being the first half of the tax levied for 1910—making a total paid by the defendant on said assessment of $124.82. On the 5th day of June, 1911, defendant, Johnston, presented his petition to the board of supervisors of plaintiff county requesting that the money so paid be refunded to him. On the 15th day of June, 1911, the board of supervisors entered a resolution upon the books directing that the same be refunded to the defendant and directed the auditor to issue refunding warrants to the defendant therefor upon the treasurer. The auditor, in pursuance thereof, issued refunding warrants, and the same were paid by the treasurer of the county, and the plaintiff county now brings this action to recover the money back.

It appears that the First National Bank of Fontanelle was a corporation duly authorized under the National Banking Act of the United States, and the shares of stock so assessed were shares of stock in the said First National Bank.

On the 11th day of November, 1911, the court dismissed the action as to the defendant First National Bank, and the only matter in controversy here is between the plaintiff and Johnston, the owner of the shares of stock assessed. It appears that the property assessed, and on which the taxes were paid, and afterward refunded to the defendant, were assessed

under and by virtue of section 1322 of the Code providing for the assessment of shares of stock of national, state, and savings banks, which, so far as the statute affected national banks is concerned, was held by this court to be in contravention of section 5219 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3502) and therefore invalid.

The action in which the invalidity of section 1322 was determined was *First National Bank v. Estherville*, reported in 150 Iowa, 95. It was after this decision that the plaintiff presented his petition asking that the taxes be refunded, and it was with full knowledge of this holding that the board of supervisors passed a resolution directing the auditor to issue refunding warrants.

It is claimed in this action that the property having been assessed, and the taxes levied and paid by the defendant, without protest, before it was determined by this court that section 1322 is invalid, the defendant could not recover the same back from the county, and therefore the county was under no obligation to refund the taxes to him after this decision was made; that a decision of the Supreme Court, holding an act of the Legislature invalid, is not retroactive and does not change the relationship of the parties or their rights as they existed under the statute at the time the tax was paid. That the parties, in doing what they did, acted under a mistake of law and not of fact, and that therefore no cause of action arose in favor of the defendant against the county for the taxes so paid, and that, if an action were instituted against the county by the defendant for the money so paid, such action could not be maintained to a successful issue, may be conceded, or, in other words, it may be true that where one voluntarily pays taxes under a mistake of law, and the taxes so paid are distributed among the several funds, the party paying the taxes cannot therefore recover from the county.

There is no question and can be no question that the decision in the *Estherville* case establishes the fact that the

county had no right to assess this property for taxation, no right to levy taxes against this property, and had no right to the money paid by the defendant on account of such assessment and levy. Assuming that the defendant could not recover it back because the payment was made voluntarily under a mistake of law, yet with full knowledge of this fact, and without fraud, or deception, the plaintiff refunded the money to the defendant voluntarily and is not now in a position to recover from the defendant the amount so voluntarily paid by it to him.

Assuming that defendant Johnston under a misapprehension of law, voluntarily paid to the county the tax in dispute, he was not bound to pay it and could have contested the right of the county to the money. Conceding that he made the payment voluntarily, under a mistake of law, and that he was not entitled to recover it back, yet the county, with full knowledge of all the facts upon which it now rests its right to recover, returned to the defendant, through its proper officers, this money, which it never had a right to exact of the defendant. It paid the same to the defendant voluntarily, without fraud or deceit, and without protest, and is now in no position to maintain an action to recover it back. The same rule that would prevent the defendant from recovering of the county now estops the county from recovering of the defendant. This case is clearly distinguishable from *Heath v. Albrook*, 123 Iowa, 559, and *State v. Young*, 134 Iowa, 505, and cases therein cited.

In the case at bar the agents of the county, who wrongfully exacted and received the money, rightfully returned the money so wrongfully exacted to the party to whom it belonged, and the county cannot complain that its agents returned to the party the money so wrongfully exacted from him. It may be said he voluntarily paid it to the county, but it can also be said that he paid it voluntarily because of the wrongful act of the county through its officers, in making the assessment and levy.

, There are other questions argued, but in the view we take of the case it is not necessary to discuss or determine them, and the case is *Affirmed*.