### PENROSE v. SKINNER, Collector of Internal Revenue.

(District Court, D. Colorado.    August 22, 1921.)

No. 7016.

1. **Internal revenue ⟨⟩38—Finding of fact by former Commissioner in assessing income tax should be regarded as final.**

   No authority has been vested in the Commissioner of Internal Revenue to overrule and reverse the action of his predecessor in office, and where a former Commissioner heard and determined a question of fact necessary to enable him to act intelligently in determining the amount of plaintiff's net income on which he would be required to make a levy and assessment, and his finding on that issue has not been impeached, it should be regarded as final.

2. **Internal revenue ⟨⟩38—Decision of former Commissioner not conclusive, when question involved was different.**

   Where the only question of fact under consideration on plaintiff's application to a former Commissioner of Internal Revenue for remission of an income tax assessed against him was whether he was within the class of persons entitled to deduct losses sustained in buying and selling stocks and securities, the Commissioner's decision is not conclusive on the present Commissioner, where it now appears that plaintiff did not during the tax period sustain any such losses as those claimed.

3. **Internal revenue ⟨⟩38—Tax paid not recoverable, when taxpayer not entitled to deductions claimed, whether assessment made or not.**

   Where a taxpayer's income tax return was false, in that he had not sustained the losses deducted therein, the tax subsequently collected on the amount of such deductions was justly exacted, whether an assessment had or had not been made, and could not be recovered, there being no implied promise for its return.

4. **Internal revenue ⟨⟩38—Limitation of actions to collect taxes inapplicable in suit to recover taxes already paid.**

   Act Feb. 24, 1919, § 250d (Comp. St. Ann. Supp. 1919, § 6336⅛tt), providing that no suit or proceeding for the collection of any income tax shall be begun after the expiration of five years from the date when the return was due or was made, has no application in an action to recover back a tax paid under protest.

At Law.    Action by Spencer Penrose against Mark A. Skinner, Collector of Internal Revenue for the District of Colorado.    On motion by plaintiff for judgment on the pleadings.    Motion overruled.

Hamlin & Rothrock, of Colorado Springs, Colo., for plaintiff.

J. Foster Symes, U. S. Dist. Atty., of Denver, Colo., for defendant.

LEWIS, District Judge.    This is an action of indebitatus assumpsit to recover $12,538.77 paid under protest by plaintiff to defendant. The amount was made up of $12,056.51 exacted from the plaintiff under the Act of October 3, 1913 (38 Stat. 166), as additional income tax for the year 1913, and the remainder, $482.26, was interest on that sum.

The questions now presented arise on plaintiff's motion for judgment in his favor on the conceded facts which appear in the pleadings. Those facts, gathered from the complaint, exhibits thereto, and admissions in the answer, are these:    Within the time required by the Act,

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and on February 21, 1914, plaintiff made to the collector his individual return of his income for the year 1913, upon which was assessed a tax of $1,919.83, which the plaintiff paid. The net income on which the first assessment was made was obtained by deducting from the gross a large amount as losses sustained and "incurred in trade" on account of corporate stocks held by plaintiff, some of which were represented as worthless and others as worth far less than cost. After investigation these losses were all disallowed as deductions by the commissioner, and the second assessment upon the full amount claimed and disallowed as losses was made and put upon the August, 1915, list for collection, making an additional tax of $12,056.51.

On demand for payment plaintiff presented to the commissioner his application and proof for remission of the second assessment. The commissioner granted a hearing and the point at issue was, whether the facts presented by the plaintiff brought him within the class of persons whose occupation permitted them, under treasury rulings, to claim the deduction as "losses actually sustained during the year, incurred in trade"; i. e., whether plaintiff was a licensed broker or member of a stock exchange engaged in buying and selling securities for himself and others. Plaintiff adduced proof to establish that he was in the class, and prevailed; so that in March, 1916, his application was sustained and the second assessment entirely remitted by Commissioner Osborn. In December, 1918, Commissioner Roper reassessed the amount claimed as losses and again plaintiff made application and presented proof for remission of this assessment, on the same ground and for the same reasons as the ones heard by Commissioner Osborn, but Commissioner Roper denied the application, his reason therefor being that plaintiff was "neither a licensed broker nor a member of any stock exchange engaged in buying and selling securities for others as well as yourself," as set forth in his letter of July 17, 1919, to wit:

Treasury Department.

Washington, July 17, 1919.

Mr. Spencer Penrose, Colorado Springs, Colo.—Sir: Reference is made to your claim for the abatement of $12,056.51 additional individual income tax for the year 1913.

The basis of the claim is that this assessment was made upon the erroneous disallowance by this office of certain losses sustained by you in trade during the year 1913.

The records of this office show that you filed individual income tax return for 1913, upon which you were assessed a total income tax of $1,919.83; that subsequently you were assessed an additional tax of $12,056.51, based upon the report of a revenue agent, recommending the disallowance of $269,280.95 taken by you as a deduction on account of a loss in dealing in securities. This additional statement is shown on the August, 1915, list, page 2, line 22. In a claim executed September 25, 1915, you requested the abatement of this additional assessment, basing your claim upon the statement that the same was made upon the erroneous disallowance of a deduction on account of losses sustained by you in trade. March 11, 1916, this claim was allowed in full and the assessment on the August, 1915, list abated. Subsequently, a reassessment of $12,056.51 additional income tax for 1913 was made and appears on the December, 1918, list, page 2, line 22.

It appears from the revenue agent's report and it is admitted by you that during the year 1913, you were neither a licensed broker nor a member of any stock exchange engaged in buying and selling securities for others as well as yourself.

This Bureau has ruled, and now holds, that losses sustained in dealing in securities by one other than a licensed broker or a member of a stock exchange, is not a loss sustained in trade or business, under the Act of October 3, 1913, and therefore not an allowable deduction from income.

The assessment of $12,056.51 additional income tax for 1913, having been properly made, your claim for the abatement thereof is accordingly hereby rejected.

Respectfully,            [Signed] Daniel C. Roper, Commissioner.

On August 4, 1919, plaintiff paid the tax with interest under protest, and thereafter, on March 30, 1921, brought this action.

On the foregoing facts the plaintiff contends (a) that the ruling of Commissioner Osborn in March, 1916, remitting the assessment was final and conclusive, and that the subsequent act of Commissioner Roper in making a reassessment was void, and (b) the reassessment, not having been made within the statutory time, is void.

[1] If it were necessary to pass upon the first proposition noted above I would, in the light of present investigation, decide the question with the plaintiff. No authority has been vested in a Commissioner to overrule and reverse the action of his predecessor in office. Commissioner Osborn, acting under his authority, heard and determined a question of fact necessary to enable him to act intelligently in ascertaining and determining the amount of plaintiff's net income on which he would be required to make the levy and assessment, and his finding on that issue not having been impeached by the answer should, under every principle and rule of law, be regarded here as final. U. S. v. Kaufman, 96 U. S. 567, 24 L. Ed. 792; U. S. v. Savings Bank, 104 U. S. 728, 26 L. Ed. 908; Western Express Co. v. U. S., 141 Fed. 28, 72 C. C. A. 516; Logan County v. U. S., 169 U. S. 255, 18 Sup. Ct. 361, 42 L. Ed. 737; Burfenning v. Ry. Co., 163 U. S. 321, 16 Sup. Ct. 1018, 41 L. Ed. 175; Gardner v. Bonestell, 180 U. S. 362, 21 Sup. Ct. 399, 45 L. Ed. 574; Ex parte Larowe, Fed. Cas. No. 8,093; Ex parte Simpson, Fed. Cas. No. 12,878; Dugan v. U. S., 34 Ct. Cl. 458; Corning & Co. v. U. S., 34 Ct. Cl. 271; City of Louisville v. U. S., 31 Ct. Cl. 1; Stotesbury v. U. S., 23 Ct. Cl. 285; Sybrandt v. U. S., 19 Ct. Cl. 461. In the Sybrandt Case it is held that the law imposes on the Commissioner the duty of deciding whether a tax has been erroneously or illegally assessed, and the courts cannot review the evidence and say that it did not support the finding. In Bank v. U. S., 15 Ct. Cl. 225, it is said:

"There is no doubt that an allowance by the Commissioner may be impeached anywhere for fraud, for that avoids all contracts into which it enters as against the party defrauded; or for want of jurisdiction; or for a mistake apparent upon the certificate of allowance; or generally for such other irregularities in the proceedings as would avoid an award made by arbitrators so far as the proceedings are similar; but not for what might seem to others to be a mere mistake of judgment in the weighing and giving force and effect to evidence."

And on the second proposition above noted I would hold against the contention of the plaintiff, if it were now necessary to definitely rule upon it. National Bank of Commerce v. Allen, 223 Fed. 472, 139 C. C. A. 20; National Bank v. Gill, 218 Fed. 600, 134 C. C. A. 358. The language of the statute construed in those cases is identical with that

found in the statute here under consideration in respect to the question raised.

[2] But in my judgment, if both propositions were determined in favor of plaintiff that would not dispose of his motion for judgment; for the answer sets up facts in defense that do not appear to have been investigated, considered and determined at the hearing before Commissioner Osborn. It runs thus:

"And for a further answer defendant alleges that in making his return for income taxes for the year 1913 plaintiff understated the amount of his net income by overstating and making claim for losses claimed to have been sustained in trade and business during the year 1913. That in his return plaintiff claimed a loss in trade in the sum of $269,380.95, which claimed loss in trade, and no part thereof, was sustained by plaintiff during the year 1913. Defendant alleges that the pretended losses in trade were claimed by plaintiff to have been sustained by depreciation in the capital stock of the United States Sugar & Land Company and the Ray Consolidated Copper Company.

"That as to the United States Sugar & Land Company defendant alleges that on March 1st, 1913, said corporation was insolvent and its capital stock, both preferred and common, was valueless, having no market or real value, and that if plaintiff ever sustained any loss on account of investments in the capital stock of the United States Sugar & Land Company, such loss was sustained prior to March 1st, 1913, and was not a proper deduction from plaintiff's gross income for the year 1913. That as to the capital stock of the Ray Consolidated Copper Company, defendant alleges that plaintiff's pretended loss was false, and that plaintiff sustained no loss whatever in trade in the capital stock of the said Ray Consolidated Copper Company."

[3] The facts thus pleaded might be said in a broad sense to have been embodied by plaintiff in his return, but it does not appear that they were in issue before the commissioner at the hearing. The proof presented by plaintiff at that time discloses that the one question of fact under consideration was, whether he came within the class of persons entitled to claim the losses under the ruling theretofore made by the department and noted above. It was assumed that they had been sustained and incurred within the tax year, as claimed by the plaintiff in his return. The answer in effect alleges that the return was false in that respect; and if false, the deductions claimed should not have been made, and the tax which the plaintiff now seeks to recover was justly exacted from him regardless of whether an assessment had or had not been made. In Bailey v. Railroad Co., 22 Wall. 604, 22 L. Ed. 840, it is said in response to the contention that an assessment levied for internal revenue was illegal and void (22 Wall. 638, 22 L. Ed. 840):

"Mere irregularities may be passed over without remark, as the suit is an action of assumpsit brought by the plaintiffs to recover back money which they paid to the collector, and the burden is upon them to show that the defendant ex æquo et bono is bound to refund the amount which they paid. Indebitatus assumpsit is founded upon what the law terms an implied promise on the part of the defendant to pay what in good conscience he is bound to pay to the plaintiff. Where the case shows that it is the duty of the defendant to pay, the law imputes a promise to fulfill that obligation, but the law never implies a promise to pay unless some duty creates such an obligation, and more especially it never implies a promise to do an act contrary to duty or contrary to law."

The Act of October 3, 1913, requires that every citizen having the necessary net income shall pay the tax annually, and if the deductions

claimed in the return were not allowable as losses sustained and incurred within the tax year, it was the duty of the plaintiff under the Act to pay the amount which he now sues to recover. If it had not been paid it might have been recovered by an action against him, even though the reassessment made by Commissioner Roper was a void act on his part, U. S. v. Chamberlin, 219 U. S. 250, 31 Sup. Ct. 155, 55 L. Ed. 204; and if recoverable against him in an action brought for that purpose there can be here, of course, no implied promise for its return.

[4] The period of limitation fixed in section 250 (d) of the Act of February 24, 1919 (40 Stat. 1083 [Comp. St. Ann. Supp. 1919, § 6336⅛tt]), has no application here because this is not a suit or proceeding for the collection of the tax.

The plaintiff's motion for judgment in his favor on the pleadings must be overruled.