## UNITED STATES v. DETROIT STEEL PRODUCTS CO.

District Court, E. D. Michigan, S. D. July 22, 1927.

No. 7149.

1. **Internal revenue ⬢⟿36—Commissioner of Internal Revenue, in authorizing refund of taxes; acted in quasi judicial capacity, and in absence of fraud decision was binding on government (U. S. C. tit. 26, § 149 [Comp. St. § 5944]; Revenue Acts 1918, 1921, § 900 [Comp. St. § 6309⅘a]).**

Commissioner of Internal Revenue, in order under authority of U. S. C. tit. 26, § 149 (Comp. St. § 5944), authorizing refund of taxes collected on leaf springs, on ground that they were not primarily adapted only for use as automobile parts, within Revenue Acts of 1918, 1921, § 900 (Comp. St. § 6309⅘a), acted in quasi judicial rather than ministerial capacity, and in absence of fraud his decision was binding on the government.

2. **Internal revenue ⬢⟿36—Government could not recover tax moneys refunded pursuant to order of Commissioner of Internal Revenue (Revenue Acts of 1918, 1921, § 900 [Comp. St. § 6309⅘a]).**

Government's voluntary refund of money theretofore collected as tax under Revenue Acts of 1918, 1921, § 900 (Comp. St. § 6309⅘a), pursuant to an order of the Commissioner of Internal Revenue, was such a voluntary payment as the government could not, after an opposite ruling by the Commissioner, recover from the taxpayer.

At Law. Action to recover internal revenue excise taxes by the United States against the Detroit Steel Products Company. Judgment for defendant.

John A. Baxter, Chief Asst. U. S. Atty., of Detroit, Mich., and Alexander W. Gregg, Solicitor of Internal Revenue, and T. Ellis Allison, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

Stevenson, Butzel, Eaman & Long, of Detroit, Mich., for defendant.

SIMONS, District Judge. This is an action by the United States to recover from the defendant, Detroit Steel Products Company, a Michigan corporation, the sum of $4,419.40, alleged to be due as the amount of internal revenue excise taxes on the sale by the defendant of certain automobile parts, consisting of automobile leaf springs, manufactured and sold by the defendant during the year 1919 and thereafter. The declaration alleges that the said sum "has not been paid and is still due and owing."

The defendant has pleaded the general issue with notice of various special defenses, including the following:

"That if any tax accrued or liability arose because of the matters and things alleged in the plaintiff's declaration, which defendant does not admit, but, on the contrary, denies, said liability was satisfied, discharged, and paid by the defendant; and thereafter, on or about August 8, 1922, said plaintiff decided and determined that the springs manufactured by defendant, as set forth in the declaration of the said plaintiff, were not taxable, and caused to be promulgated and published its said decision and determination; and thereafter this defendant filed with the said plaintiff a claim for refund for the taxes illegally collected upon said springs during the period set forth in the plaintiff's declaration, and the said plaintiff, acting through the Commissioner of Internal Revenue, found, determined, and decided that the springs so made by defendant during said period set forth in the said declaration were not, in fact, taxable; and on or about October 13, 1923, the said Commissioner found, determined, and decided that the taxes for said period set forth in the said declaration had been illegally and erroneously collected; and pursuant to such decision and determination the said plaintiff, acting through the said Commissioner of Internal Revenue, duly refunded to this defendant the said taxes for which this action is brought, which said determination and decision by the said Commissioner was and is final, conclusive, and binding upon the said plaintiff, and by reason whereof the said plaintiff ought not and cannot maintain its said action; and defendant further will offer evidence to prove that, upon the receipt from the plaintiff of the said refund, it, relying and acting upon the decision and determination of the Commissioner, paid, returned, and refunded moneys so received from the plaintiff, to its customers who had originally paid the same, as the plaintiff well knows, and that the said plaintiff is estopped and barred by reason thereof from maintaining its said action."

A jury was waived by written stipulation of the parties filed herein pursuant to the applicable statute, and the cause was heard by, and submitted to, this court, without a jury, for determination.

The evidence establishes the truth of the allegations of fact contained in the pleading just quoted. Section 900 of the Revenue Act of 1918 and of the Revenue Act of 1921 (Comp. St. § 6309⅘a) provides for the imposition of a tax, at a rate specified in said section, upon the sale of automobile "parts" sold by the manufacturer thereof. In 1919 and in subsequent years the defendant manufactured and sold certain vehicle leaf springs adapted for use as component parts of either automobiles or other vehicles. At that time, and prior to August 8, 1922, the regulations of the Internal Revenue Department defined an automobile part, for the purposes of this statute, as any article "which is primarily adapted only for use as a component part of an automobile." Believing that the vehicle leaf springs just mentioned came within this definition, the defendant seasonably paid, on the sales just referred to, the tax imposed by the aforesaid statute. On August 8, 1922, the Commissioner of Internal Revenue ruled, for the first time, that said vehicle leaf springs were not "primarily adapted only for use as a component part of an automobile," but were equally adaptable for other uses, and that therefore the sales thereof were not taxable under said statute.

On November 21, 1922, the defendant duly filed with the collector of internal revenue its claim for the refund to it of the sum of $21,357.58, being the total of the excise taxes paid by it on its sales of said springs from March, 1919, to the time of the filing of said claim. On September 13, 1923, said claim for refund was duly allowed by the Commissioner of Internal Revenue on the ground that, as then officially found and determined by him pursuant to the statutory authority conferred on and exercised by him, said springs were not primarily adapted only for use as parts of an automobile, and that therefore the sales thereof were not subject to said tax, and on October 11, 1923, the aforesaid sum was refunded and paid by the government to the defendant. On December 17, 1923, the Commissioner of Internal Revenue made a new ruling to the effect that,

while "leaf springs in general are adapted for other use than for automobile springs, the leaf springs which are used on automobiles are, however, as a general proposition, particularly designed and are primarily adapted only for such use," and that, therefore, "the ruling of August 8, 1922, is modified, and it is now held that as a general proposition leaf springs used on automobiles are automobile parts, and, as such, taxable under section 900 of the Revenue Acts of 1918 and 1921," but that, "where it can be shown to the satisfaction of this office that a particular leaf spring * * * was not designed or manufactured or primarily adapted only for use as a component part" of an automobile, such ruling should not apply.

Thereafter the government demanded repayment by the defendant of the sum previously refunded to it as aforesaid. In the meantime the defendant had returned to its customers, from whom it had been originally collected by the defendant for payment to the government, nearly all of the amount so refunded to it, and the defendant was therefore unable to repay said amount to the government, but offered to so repay the portion of such amount which still remained in its hands. This offer was rejected by the government, and the latter thereupon brought this action against the defendant. Various defenses are urged by the defendant, but one only need be considered.

[1] Section 3220 of the United States Revised Statutes, as amended, which is now section 149 of title 26 of the new United States Code (Comp. St. § 5944), provides that the Commissioner of Internal Revenue "is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected." It is settled law that where, as here, Congress has conferred upon the Commissioner of Internal Revenue authority, in such broad language as is contained in the statute already quoted, to determine whether taxes have been erroneously collected, and should therefore be remitted or refunded to a taxpayer, it must be held that it was the congressional intention to intrust the determination of the questions therein involved to the discretion of the Commissioner, acting in a quasi judicial, rather than a ministerial, capacity, and that his exercise of such discretion, unless impeached

for fraud or mistake, must be accepted as final and conclusive, and not subject to review. United States v. Kaufman, 96 U. S. 567, 24 L. Ed. 792; United States v. Real Estate Savings Bank, 104 U. S. 728, 26 L. Ed. 908; United States v. Louisville, 169 U. S. 249, 18 S. Ct. 358, 42 L. Ed. 735; Penrose v. Skinner (D. C.) 278 F. 284; United States v. Trainor National Spring Co. (no opinion filed), but recently decided by Judge Baltzell in the United States District Court for the District for Indiana.

As was pointed out by the Court in United States v. Real Estate Savings Bank, supra, "the fact of fraud or mistake must be established by competent evidence, the same as any other fact in issue. An allowance by the Commissioner in this class of cases is not the simple passing of an ordinary claim by an ordinary accounting officer, but a statement of accounts by one having authority for that purpose under an act of Congress." No evidence has been offered in this case tending to show that the action of the Commissioner of Internal Revenue in ordering the refund to the defendant here in question was procured by means of any fraud or mistake, and such action is therefore now binding and conclusive upon the government, and not subject to review by this court.

[2] The declaration in this cause seeks merely the recovery of taxes alleged to be due and unpaid by the defendant, and is not based upon, and makes no reference to, any alleged illegal refund now sought to be recovered. It is, however, clear from the record that the taxes so claimed to have been unpaid have actually been paid by the defendant. This action, therefore, of the government, is in reality an attempt to recover a payment voluntarily made by it through its duly authorized representatives, under an order of the Commissioner of Internal Revenue acting within his statutory jurisdiction. Plainly, such payment by the government to the defendant was such a voluntary payment as, under settled rules of law, the plaintiff is not entitled to recover in this action. Adair County v. Johnston, 160 Iowa, 683, 142 N. W. 210, 45 L. R. A. (N. S.) 753.

It therefore becomes unnecessary to consider any of the other questions raised by defendant and discussed in the briefs of counsel, as, for the reasons already pointed out, a judgment must be entered in favor of the defendant. An order will be entered accordingly.