### A. S. KREIDER CO. v. UNITED STATES.
### No. 2927.

District Court, M. D. Pennsylvania.
Aug. 26, 1936.

Hause, Evans, Storey & Lick, of Harrisburg, Pa., and Donald Horne, of New York City, for plaintiff.

Clarence E. Dawson, Sp. Asst. to Atty. Gen., Frederick V. Follmer, U. S. Atty., of Milton, Pa., and Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for the Government.

ALBERT L. WATSON, District Judge.

This suit was brought to recover internal revenue taxes alleged to have been erroneously and illegally assessed and collected.

By an affidavit of defense, by a motion for a nonsuit after the plaintiff rested, by a motion for a directed verdict in favor of the defendant, and by a motion for judgment in favor of the defendant and against the plaintiff after the evidence was all in and before the Court had reached any decision, the defendant raised the question of the Statute of Limitations.

The applicable statute (R.S. sec. 3226, amended by Act Feb. 26, 1926, 44 Stat. 116, 26 U.S.C.A. § 156, now 26 U.S.C.A. §§ 1672–1673) provides that "no such suit or proceeding shall be begun * * * after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates."

The facts are not seriously in dispute. On March 15, 1921, plaintiff filed its income tax return for the calendar year 1920. This return showed income taxes payable in the sum of $52,481.97, which amount was paid in four quarterly installments in the year 1921. Prior to June 15, 1926, plaintiff filed an income and profits tax waiver, extending the statutory period of limitations for assessment of taxes for 1920 to December 31, 1926. On April 10, 1926, the Commissioner of Internal Revenue advised the plaintiff by registered mail of a deficiency for this year in the amount of $1,362.50. No appeal was taken to the Board of Tax Appeals, and, on July 10, 1926, the deficiency was assessed. The additional tax of $1,362.50 was paid on or about July 28, 1926. On or about March 25, 1929, the plaintiff filed a claim for refund for all of the taxes paid for the year 1920. This claim was allowed for the sum of $14,833.68. Thereafter, defendant refunded to plaintiff the sum of $1,262.50, and retained the sum of $13,471.18.

The Commissioner of Internal Revenue signed the schedule of overassessment, 35778 on September 9, 1929, and, shortly thereafter, notified plaintiff of the disallowance of the amount for which this suit is brought. Plaintiff admits such notice was received in October, 1929.

The plaintiff completed the payment of the taxes for 1920 on July 28, 1926. This suit was begun March 7, 1932. It is apparent that this suit was not begun before the expiration of five years from the date of payment of the tax.

As the suit was begun more than five years after the tax was paid, the only other provision under which it might be timely is that which permits a suit or proceeding "within two years after the disallowance of the part of such claim to which such suit or proceeding relates." This suit is not timely under this provision. The disallowance was made by the Commissioner on September 9, 1929, when he signed the schedule of overassessment, and the plaintiff was advised of the disallowance in October 1929. If it is assumed that October 31, 1929 was the date when the disallowance was made, two years after that date would be October 31, 1931. The plaintiff's suit was not begun until March 7, 1932.

This suit was begun too late, and defendant's motion for judgment should be granted.

Now defendant's motion for judgment is granted, and judgment is directed to be entered in favor of the defendant and against the plaintiff.