## A. S. KREIDER CO. v. UNITED STATES.

### No. 6295.

Circuit Court of Appeals, Third Circuit.

May 23, 1938.

Rehearing Denied June 27, 1938.

BIGGS, Circuit Judge, dissenting.

Donald Horne, of New York City, and Douglass D. Storey, of Harrisburg, Pa., for appellant.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Clarence E. Dawson, and Lee A. Jackson, Special Assts. to Atty. Gen.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Middle District of Pennsylvania. The taxpayer filed its income and profits tax return for 1920 in 1921 and paid the taxes in quarterly instalments in that year. Waivers filed prior to June 15, 1926 extended the time for assessment of taxes to December 31, 1926. In April, 1926 the Commissioner sent a deficiency notice claiming additional income and profits taxes for 1920 in the sum of $1,362.50. In July, 1926 the Commissioner assessed the additional tax which was paid in the same month. In March, 1929 the taxpayer filed a claim for refund. In September, 1929 the Commissioner filed a schedule of overassessment as follows:

Tax assessed:

| | |
|---|---:|
| Original, Account No. 422,472.. | $52,481.97 |
| Additional July 1926, Page 1, Line 5 ..................... | 1,362.50 |
| Total assessment ............. | $53,844.47 |
| Correct tax liability........... | 39,010.79 |
| Overassessment .............. | $14,833.68 |
| Barred by Statute of Limitations ..................... | 13,471.18 |
| Overassessment allowable ..... | $ 1,362.50 |

Certificate of Overassessment
  Number: 2,092,506
  Allowed: $1,362.50
  Schedule No. 35778

The schedule was received by the taxpayer not later than October, 1929 and was accompanied by a check for $1,362.50, with interest. In March, 1932 the taxpayer instituted suit to recover $13,471.18, with interest, alleged to have been wrongfully withheld by the United States. At this time the Collectors to whom payments had been made were not in office.

The statute invoked by the taxpayer as authority for this suit, commonly known as the Tucker Act, Paragraph 20, Section 24 of the Judicial Code, 28 U.S.C.A. § 41 (20), reads:

"§ 41. The district courts shall have original jurisdiction as follows: * * *

"(20) Concurrent with the Court of Claims, of all claims not exceeding $10,000 * * * of any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced. * * * No suit against the Government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued for which the claim is made. * * *"

This statute granted a taxpayer the right to bring suit in the District Courts for tax refunds naming the United States

as defendant even though the amount involved exceeded $10,000 if the Collector to whom payments were made was dead or out of office at the time of suit. Although it is conceded that each of the prerequisites to jurisdiction exists in the instant case the defense is that the statutory period for suit had expired. The United States relies upon R.S. § 3226 (44 Stat. 116, § 1113(a), 26 U.S.C.A. § 156, now 26 U.S.C.A. §§ 1672–1673) which provides: "No such suit or proceeding shall be begun * * * after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. * * *"

It is obvious from an examination of the relevant dates that whether we consider November, 1921, when the original tax was paid, or July, 1926, when the deficiency was assessed and paid, as the date of the last payment, more than five years from the last payment elapsed prior to suit. It is equally obvious that more than two years elapsed from the date of disallowance of the claim for refund.

R.S. § 3226, however, has been amended by the Tucker Act, supra, so as to permit six years from the final date of payment as the time within which suit may be commenced, when the suit is against the United States and is brought in the District Court. The suit in the instant case was timely within the six-year statutory period. As was said by Mr. Justice Black in Bates Manufacturing Company v. United States of America, 58 S.Ct. 694, 696, 82 L.Ed. ——, opinion filed March 28, 1938:

"The erection of barriers to recovery in the District Courts which did not exist in the Court of Claims would have tended to defeat the prime objectives of the Act. Uniformity and equality in substantial rights and privileges—for claimants in both forums—were essential features in the system. Distinctions between the opportunities for recovery afforded in the two forums would have tended to mar the symmetry of the plan and to impair its effective and successful operation. As to substantial rights, Congress evidently meant to give claimants an identical status in both Courts where the amount in controversy was included in the jurisdiction of both. We find no support in the background or objective of the Act for a construction under which a claimant's rights would be preserved by filing a petition in the Court of Claims, but would be lost—without additional action—in the District Court."

Inasmuch as the Court below decided the procedural issue without passing upon the merits, the judgment is reversed and the cause remanded to the District Court with directions to consider and determine the merits of the controversy.

BIGGS, Circuit Judge (dissenting).

Upon March 15, 1921, the appellant filed its income tax for the calendar year 1920 with the Collector of Internal Revenue for the First District of Pennsylvania. The return so made by the appellant showed income tax due and payable by it in the sum of $52,481.97, which it proceeded to pay in four quarterly instalments.

Before June 15, 1926, the appellant filed an income and profits tax waiver, extending the statutory period of limitations for assessment of taxes for the year 1920, to December 31, 1926.

Upon April 10, 1926, the Commissioner of Internal Revenue informed the appellant in the manner prescribed by law that a deficiency existed in tax paid for the year 1920 in the amount of $1,362.50. Upon July 10, 1926, no appeal having been taken by the appellant to the Board of Tax Appeals, the deficiency was duly assessed by the Commissioner. The amount of the additional tax, viz., $1,362.50, was paid by the appellant upon July 28, 1926; that is to say, the appellant completed the payment of taxes for the year 1920 on July 28, 1926. Upon March 25, 1929, the appellant filed a claim for refund for all of the taxes paid for the year 1920, viz., $53,844.47, composed of two items, the $52,481.97 paid in four quarterly instalments and the additional tax paid July 28, 1926, in the sum of $1,362.50.

Upon September 9, 1929, the Commissioner signed a schedule of overassessment showing a "net amount refundable" to the appellant in the sum of $1,362.50, with interest. The certificate of overassessment was duly mailed to the appellant and is set forth in the majority opinion.

A check in the sum of $1,362.50, with interest, accompanied the certificate of overassessment and was received by the appellant at the same time the certificate of overassessment was received.

A comparison of dates makes it evident that, since the suit at bar to recover the sum of $13,741.18, with interest, was commenced on March 7, 1932, and the last pay-

ment was made upon July 28, 1926, that more than five years elapsed from the date of the payment of the tax to the date of the commencement of the suit. It also appears that since the day of the issuance of the certificate of overassessment was in September, 1929, and the certificate of overassessment was received by the appellant in October, 1929, that more than two years elapsed from the time of the disallowance of that part of the claim of the appellant here sued for to the date of the suit. The District Judge therefore deemed the statute of limitations imposed by the provisions of R.S. § 3226, as reenacted by Section 1113(a) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 116,[1] to be applicable, and rendered judgment for the appellee.

The appellant contends, however, that paragraph 20 of Section 24 of the Judicial Code, the Tucker Act, 28 U.S.C.A. § 41 (20),[2] with its provision for the commencement of actions within six years, governs the action at bar, and that the provisions of Section 3226 of the Revised Statutes, as amended, including the statute of limitations contained therein, heretofore referred to, have no application.

Now the appellant's statement of demand sets forth that the sum of $13,471.18 is due it by reason of the overassessment in the sum of $14,833.68 expressed upon the certificate of overassessment issued by the Commissioner. Of this total, as we have stated heretofore, $1,362.50 was paid to the appellant. The appellant therefore by the very nature of its pleading bases its cause of action upon the record of the certificate of overassessment, and therefore to recover must bring that cause of action within the rule enunciated by the Supreme Court in Bonwit Teller & Co. v. United States, 283 U.S. 258, 265, 51 S.Ct. 395, 397 75 L. Ed. 1018, Daube v. United States, 289 U. S. 367, 372, 53 S.Ct. 597, 599, 77 L.Ed. 1261, and in Stearns Company v. United States, 291 U.S. 54, 65, 54 S.Ct. 325, 329, 78 L.Ed. 647. See, also, United States v. Real Estate Savings Bank, 104 U.S. 728, 733, 26 L.Ed. 908; United States v. Kaufman, 96 U.S. 567, 570, 24 L.Ed. 792.

The rule of law applicable to the case at bar to be deduced from the cited cases may be stated in substance as follows: Section 24(20) of the Judicial Code, the Tucker Act, confers jurisdiction concur-

---

[1] "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue * * *; but such suit or proceeding may be maintained, whether or not such tax, * * * has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, * * * unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. * * *"

[2] Sec. 24. "The district courts shall have original jurisdiction as follows:

* * * * * *

"Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable, and of all set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court; and of any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced. * * * No suit against the Government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued for which the claim is made. * * * All suits brought and tried under the provisions of this paragraph shall be tried by the court without a jury."

rent with the Court of Claims upon the District Courts to entertain suits for sums not exceeding $10,000, founded upon "any contract, express or implied" with the Government of the United States. Suit therefore may be maintained in a District Court under the provisions of the Tucker Act, if the amount involved does not exceed $10,000, provided the circumstances are such as to import a promise of payment by way of refund of tax by the United States and the acceptance of such refund by the taxpayer. If, however, the amount involved in the suit does exceed $10,000, then suit must be brought in the Court of Claims and may not be brought in a District Court.

The amendment of November 23, 1921, to Section 24 (44 Stat. 121, § 1122(c), 28 U.S.C.A. § 41(20), does not permit a District Court to entertain a suit against the United States unless the suit be of such a nature that it could have been brought against the Collector while he was still in office; that is to say, unless the suit is of a personal nature to the Collector. The amendment permits the bringing of only such suits as might have been brought against the Collector if he were still in office. A suit on account stated cannot be brought against a Collector, since a Collector has no power to state an account between the United States and a taxpayer after payment of taxes by the latter or any power to allow a refund to the taxpayer. Moses v. United States, 2 Cir., 61 F. 2d 791; Otis Elevator Co. v. United States, D.C., 18 F.Supp. 87. An examination of the record in the case at bar indicates plainly that the suit brought by the appellant is not such a suit as could have been brought against the Collectors of Internal Revenue for the First District of Pennsylvania, to whom the appellant paid its taxes, even had they remained in office, for the appellant's suit is based upon the certificate of overassessment issued by the Commissioner of Internal Revenue.

This is apparent both from the record of the case and the brief of the appellant. Upon the appellant's brief the following is stated: "The appellant contends that the two year statute has no application because, in cases where it does apply, the two year period starts with the date of disallowance of the claim for refund, and in this case the claim for refund was allowed, not disallowed." The appellant, in its statement of demand,[3] relies upon an alleged allowance by the Commissioner of the sum of $14,833.68, as expressed in the certificate of overassessment. An examination of the certificate of overassessment, however, shows that the sum of $13,471.18 was not allowed by the Commissioner. Expressly, it is shown as "barred by statute of limitations".

There are therefore two reasons why the appellant cannot maintain its suit at bar. It has pleaded a case based upon an account stated and has failed to prove it. It has brought its action in the wrong court, in the District Court instead of in the Court of Claims, since it seeks to recover more than $10,000 upon an account stated.

The judgment of the court below should be affirmed.

---

[3] Paragraph 7 of the Statement of Demand is as follows:

"That thereafter the Commissioner of Internal Revenue considered said claim for refund, and determined that the taxes for 1920 had been overassessed and overpaid in the sum of $14,833.68, and that the correct amount of income and profits taxes for said year was $39,010.79, whereas plaintiff had been assessed and had paid the sum of $53,844.47."

