## A. S. KREIDER CO. v. UNITED STATES.
### No. 2927.

District Court, M. D. Pennsylvania.
Dec. 19, 1939.

Hause, Evans, Storey & Lick, of Harrisburg, Pa., and Donald Horne, of New York City, for plaintiff.

Sewall Key, Acting Asst. Atty. Gen., Andrew D. Sharpe and Clarence E. Dawson, Sp. Assts. to Atty. Gen., and Frederick V. Follmer, U. S. Atty., and Jos. P. Brennan, Asst. U. S. Atty., both of Scranton, Pa., for the Government.

WATSON, District Judge.

This case is now before the Court for determination of plaintiff's claim on its merits.

The facts in the case are not seriously in dispute and were found by the Court in a prior opinion filed August 26, 1936, 30 F.Supp., 722. The Court now finds the facts specially as follows:

March 15, 1921, the plaintiff filed its income tax return for the calendar year 1920.

This return showed income taxes payable in the sum of $52,481.97, which amount was paid in four quarterly installments in the year 1921.

Prior to June 15, 1926, plaintiff filed an income and profits tax waiver, extending the statutory period of limitations for assessment of taxes for 1920 to December 31, 1926.

April 10, 1926, the Commissioner of Internal Revenue advised the plaintiff by registered mail of a deficiency for this year in the amount of $1,362.50.

No appeal was taken to the Board of Tax Appeals, and, on July 10, 1926, the deficiency was assessed.

The additional tax of $1,362.50 was paid on or about July 28, 1926.

On or about March 25, 1929, the plaintiff filed a claim for refund of part of the taxes paid for the year 1920, $13,471.18 of which was paid in 1921, and $1,362.50 of which was paid in 1926.

The plaintiff was overassessed in the sum of $1,362.50 paid in 1926, and $13,471.18 paid in 1921.

Thereafter, defendant refunded to plaintiff the sum of $1,362.50 paid in 1926, with interest, but did not refund the sum of $13,471.18 paid in 1921.

This action was instituted March 1932 to recover the sum of $13,471.18 with interest of which $13,120.47 was paid on November 13, 1921, and $350.71 on September 14, 1921.

The Circuit Court of Appeals for this circuit, 97 F.2d 387, has ruled in this case that this action was brought within the period of the statute of limitations and that this Court has jurisdiction. The mandate of the Circuit Court of Appeals directed that the case now be determined on its merits.

Inasmuch as the overassessment is not disputed, the sole question before the Court is whether or not the Commissioner of Internal Revenue correctly ruled that the overassessment was barred by the Statute of Limitations. That portion of the Revenue Act of 1926, c. 27, 44 Stat. 66, which is pertinent to the facts of this case, provides as follows:

"284 * * * (b) Except as provided in subdivisions (c), (d), (e), and (g) of this section—

"(1) No such credit or refund shall be allowed or made after three years from the time the tax was paid in the case of a tax imposed by this Act, nor after four years from the time the tax was paid in the case of a tax imposed by any prior Act, unless before the expiration of such period a claim therefor is filed by the taxpayer; and

"(2) The amount of the credit or refund shall not exceed the portion of the tax paid during the three or four years, respectively, immediately preceding the filing of the claim, or if no claim was filed, then during the three or four years, respectively, immediately preceding the allowance of the credit or refund.

* * *

"(g) * * * If the taxpayer has, on or before June 15, 1926, filed such a waiver in respect of the taxes due for the taxable year 1920 or 1921, then such credit or refund relating to the taxes for the taxable year 1920 or 1921 shall be allowed or made if claim therefor is filed either on or before April 1, 1927, or within four years from the time the tax was paid."

In the present case, the claim was not filed on or before April 1, 1927, and, therefore, it is governed by the provision of (g) regarding claims filed within four years from the time the tax was paid.

It is the contention of the government that the provision of (g) here involved, is qualified by subdivision (b) (2), and that only that portion of the tax paid within four years of the claim may be recovered. Such is the construction which the Commissioner of Internal Revenue apparently placed upon this act, in view of the fact that he allowed only that amount which had been paid within four years of the filing of plaintiff's claim.

The Courts have uniformly ruled in cases involving the revenue acts that the time when the tax shall be deemed paid, for the purpose of statutes of limitations, is the date upon which the final payment was made, and the words "the tax" refer to the entire tax and not a portion thereof. Hills v. United States, Ct.Cl., 50 F.2d 302; sustained on re-argument, Ct.Cl., 55 F.2d 1001; Clarke v. United States, 3 Cir., 69 F.2d 748.

In Weinburg v. United States, 25 F. Supp. 83, the question here presented was decided by the Court of Claims and the Court held that the claimant was limited to that portion of the tax paid within four years of the filing of the claim. The decision of the Court of Claims was based largely upon a report of the Senate Committee which first inserted a provision similar to subdivision (b) (2) of the Act under consideration. That report stated that the committee, by the new provision, intended to prevent the extension of the Statute of Limitations by the payment of a small portion of the tax. However, that report dealt with a different statute and was not directed to the particular provision here involved and cannot be given such force and effect as to controvert the clear provisions of this statute. Furthermore, there was no indication of the committee's intention in cases where the taxpayer has filed a waiver of his rights in favor of the United States. In such case, the committee and Congress may well have felt that additional and exceptional rights should be accorded to the taxpayer. That this is true is indicated by the provision permitting claims for the entire tax to be

filed on or before April 1, 1927, for taxes for the taxable year 1920 or 1921. The Weinburg case recognizes the right to recover the entire amount of the overpayment under those circumstances. There is little, if any, reason to assume that Congress did not also intend to permit the recovery of the entire overpayment where a claim was filed within four years from the time of the payment of the last installment of the tax.

That Congress did intend that the entire overpayment be recovered is further evidenced by the fact that subdivision (g) was specifically excepted in its entirety from the provisions of subdivision (b). The enactment of (b) (2) clearly shows that Congress knew that the claimant could recover the entire overpayment whether paid within four years of the filing of the claim or not unless express limitation were inserted. This recognition of the judicial construction of the terms used and the fact that no limitation was placed upon the provisions of (g) indicates that Congress did not intend to limit recovery of claims brought under either alternative of (g).

In Weinburg v. United States, supra, the Court, dealing with taxes paid for the taxable year 1917, said [25 F.Supp. 87]: "The only exception which subdivision (g) made to the general rule stated in (b) (1) and (2) with reference to the filing of claims and the making of refunds was that a taxpayer who had filed a waiver of the statute of limitation could obtain a refund of an overpayment for 1917 even though paid more than four years prior to the filing of the claim, if the claim was filed on or before April 1, 1925." I cannot agree with this statement. Subdivision (g) contains two exceptions which are connected by the words "either * * * or" and must be given equal effect. Subdivision (g) provides that claim may be made *either* on or before April 1, 1925, *or* within four years from the time the tax was paid. With such phrasing, the Act clearly sets forth alternate and equal exceptions and to limit one and not the other would be a perversion of the language of the act itself.

Furthermore, if the provision "or within four years from the time the tax was paid", were construed as in the Weinburg case, the provision would thereby be rendered superfluous. Such a result is to be avoided wherever possible under the ordinary rules of statutory construction.

Subdivision (g) of section 284 of the Revenue Act of 1926 means that where a waiver in respect of the taxes due for the taxable year 1920 or 1921 has been filed, claims for the refund of all overpayments of tax for the taxable year 1920 or 1921 may be filed either on or before April 1, 1927, or within four years from the time the last installment of the tax was paid, and in either case the entire amount of the overpayments may be recovered whether or not all of the overpayments were made within four years prior to the time the claim was filed.

The plaintiff is entitled to recover the entire amount of the overassessment paid to the defendant for the taxable year 1920, and no part thereof is barred by the Statute of Limitations.

The plaintiff is entitled to judgment against the defendant in the sum of $13,-471.18, with interest at the rate of six per cent. on $13,120.47 from November 13, 1921, and on $350.71 from September 14, 1921.

Judgment is directed to be entered in favor of the plaintiff and against the defendant in the sum of $13,471.18, with interest at the rate of six per cent. on $13,120.47 from November 13, 1921, and on $350.71 from September 14, 1921.