UNITED STATES *v.* A. S. KREIDER CO.

No. 853. Argued May 7, 1941.—Decided May 26, 1941.

*Mr. Arnold Raum,* with whom *Assistant Solicitor General Fahy, Assistant Attorney General Clark,* and *Mr. Sewall Key* and *Miss Helen R. Carloss* were on the brief, for the United States.

*Mr. Alexander Levene,* with whom *Mr. Donald Horne* was on the brief, for respondent.

MR. JUSTICE MURPHY delivered the opinion of the Court.

In 1921, respondent filed its income tax return for 1920, disclosing tax liability of $52,481.97, which it paid in full. Thereafter, and prior to June 15, 1926, it executed a waiver extending until December 31, 1926, the time for audit and possible additional assessment of taxes. On July 26, 1926, respondent paid a deficiency assessment of $1,362.50. Almost three years later, on March 23, 1929, respondent filed a claim for refund of $53,844.47, the entire amount of taxes paid for 1920.

The Commissioner found that respondent had overpaid its 1920 taxes in the sum of $14,833.68. In October, 1929, he sent respondent a certificate of overassessment which noted that there had been an overpayment in that amount but that $13,471.18 was "barred by statute of limitations." Accompanying the certificate was a check for the difference, $1,362.50, which respondent apparently accepted. In thus computing the refund owing to respondent, the Commissioner assumed that subsections (b) (1), (b) (2),

and (g) of § 284 [1] of the Revenue Act of 1926 (44 Stat. 9, 66, 67) authorized him to remit only that part of the 1920 tax which was paid in 1926.

On March 7, 1932, respondent brought the present action in a United States District Court to recover the sum withheld. At the close of the trial, petitioner moved for judgment on the ground that the action was barred by § 1113 (a) of the Revenue Act of 1926 (44 Stat. 9, 116). The District Court granted the motion and entered judgment for petitioner. 30 F. Supp. 722. The Circuit Court of Appeals reversed, one judge dissenting, holding that the general six-year limitation in § 24 (20) of the Judicial Code [28 U. S. C. § 41 (20)] rather than the limitations in § 1113 (a) determined the timeliness of respondent's action. 97 F. 2d 387.

The cause was returned to the District Court. Over the renewed contention of petitioner that the action was barred by § 1113 (a), the District Court proceeded to the merits. It held, in effect, that § 284 (b) (2) did not limit the refund sanctioned by § 284 (g) to the portion of the

---

[1] Sec. 284.  (a)  Where there has been an overpayment of any income, war-profits, or excess-profits tax imposed [by specified Acts], the amount of such overpayment shall [subject to enumerated conditions] be refunded immediately to the taxpayer.

(b)  Except as provided in subdivisions . . . (g) of this section—

(1) No such credit or refund shall be allowed or made after . . . four years from the time the tax was paid in the case of a tax imposed by any prior Act, unless before the expiration of such period a claim therefor is filed by the taxpayer; and

(2) The amount of the credit or refund shall not exceed the portion of the tax paid during the . . . four years . . . immediately preceding the filing of the claim. . . .

(g) . . . If the taxpayer has, on or before June 15, 1926, filed such a waiver in respect of the taxes due for the taxable year 1920 or 1921, then such credit or refund relating to the taxes for the taxable year 1920 or 1921 shall be allowed or made if claim therefor is filed either on or before April 1, 1927, or within four years from the time the tax was paid. . . .

tax paid within four years of respondent's claim, and entered judgment as prayed in the complaint. 30 F. Supp. 724. The Circuit Court of Appeals affirmed, accepting as the law of the case its earlier decision that the action was timely, despite petitioner's argument to the contrary. 117 F. 2d 133. On April 14, 1941, we granted certiorari.

Relying principally on *Bonwit Teller & Co.* v. *United States,* 283 U. S. 258, respondent maintains that its action was commenced well within the applicable period of limitation. Further, respondent contends that both courts below correctly refused to regard § 284 (b) (2) as a limitation on the Commissioner's duty to make refunds under § 284 (g). We find it unnecessary to examine the latter contention, for we are of opinion that respondent sued too late.

Insofar as material here, § 1113 (a) provides: ". . . No [suit or proceeding for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected] shall be begun . . . after the expiration of five years from the date of the payment of such tax . . . unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates."

Undoubtedly, respondent has failed to begin its action within either of the periods specified in § 1113 (a). See *United States* v. *A. S. Kreider Co.,* 97 F. 2d 387, 388. The suit was not instituted until March 7, 1932, although the last tax payment was made on July 26, 1926, and the claim for refund was disallowed in October, 1929.[2] But as al-

---

[2] It should be noted that this action seeks recovery of money which was paid in 1921. We assume, so far as this decision is concerned, that the phrase "such tax" in the quoted language refers to the total tax for the year in question whenever determined and assessed; or stated differently, that "payment" within the meaning of this statute does not occur until the entire tax for 1920 is paid, including deficiency assessments made several years later. Compare *Union Trust Co.* v. *United States,* 70 F. 2d 629.

ready stated, the court below held that the action was
not barred because the Tucker Act (24 Stat. 505), later
incorporated in § 24 (20) of the Judicial Code, rather than
§ 1113 (a) prescribed the period within which respondent
was bound to bring suit. We view the statutes differently.

Section 24 (20) gives the district courts jurisdiction con-
current with the Court of Claims of certain suits against
the United States. To equate the right thus conferred to
the existing right to sue in the Court of Claims (see 28
U. S. C. § 262), the statute provides: "No suit against the
Government of the United States shall be allowed under
this paragraph unless the same shall have been brought
within six years after the right accrued for which the
claim is made."

We think the quoted language was intended merely to
place an outside limit on the period within which all
suits might be initiated under § 24 (20). Clearly, noth-
ing in that language precludes the application of a differ-
ent and shorter period of limitation to an individual class
of actions even though they are brought under § 24 (20).
Phrasing the condition negatively, Congress left it open to
provide less liberally for particular actions which, because
of special considerations, required different treatment.
See *Christie-Street Commission Co.* v. *United States,* 136
F. 326, 332–333.

Section 1113 (a) is precisely that type of provision.
Recognizing that suits against the United States for the
recovery of taxes impeded effective administration of the
revenue laws, Congress allowed only five years from pay-
ment of the tax for the commencement of such actions,
unless specified circumstances extended the period. That
this specific provision is entirely consistent with the gen-
eral provision in § 24 (20) is plain. Indeed, the limita-

---

We assume also that the Commissioner's refusal in 1929 to make the
refund was a "disallowance" of respondent's claim. Compare *Bonwit
Teller & Co.* v. *United States,* 283 U. S. 258, 265, with *United States* v.
*Bertelsen & Petersen Engineering Co.,* 306 U. S. 276, 280.

tion in § 1113 (a) has no meaning whatever unless the limitation in § 24 (20) is construed not to govern proceedings for the recovery of "internal-revenue tax alleged to have been erroneously or illegally assessed or collected." [3]

*Bonwit Teller & Co.* v. *United States, supra,* does not remove the bar of § 1113 (a) here. There we held under the peculiar facts disclosed that the taxpayer could evade the limitations of that section by grounding its action on a subsequent "account stated" rather than on the original, wrongful overassessment. But the instant case is plainly distinguishable, for, assuming that familiar doctrines of contracts furnish the test (*Daube* v. *United States,* 289 U. S. 367, 370), we are unable to find the requisites of an account stated in the transactions on which respondent relies.

To establish an account stated, respondent must show that a balance was struck "in such circumstances as to import a promise of payment on the one side and acceptance on the other." *R. H. Stearns Co.* v. *United States,* 291 U. S. 54, 65; see also, *Toland* v. *Sprague,* 12 Pet. 300, 325; *Nutt* v. *United States,* 125 U. S. 650. But plainly, "no such promise is a just or reasonable inference from the certificate of overassessment delivered to this taxpayer, if the certificate is interpreted in the setting of the occasion." *R. H. Stearns Co.* v. *United States, supra.* In fact, a contrary inference is the only legitimate supposition respondent could make. At most, respondent could assume that the United States prom-

---

[3] Apparently the applicability of a specific limitation instead of the general Tucker Act limitation has not been challenged for 35 years. See *Christie-Street Commission Co.* v. *United States,* 136 F. 326. The specific limitation has been assumed to apply in numerous cases. See, e. g., *United States* v. *Bertelsen & Petersen Engineering Co.,* 306 U. S. 276; *Bates Mfg. Co.* v. *United States,* 303 U. S. 567; *R. H. Stearns Co.* v. *United States,* 291 U. S. 54; *Daube* v. *United States,* 289 U. S. 367.

ised to pay $1,362.50; the check was there in fulfillment. Obviously, refusal to refund the balance did not and could not imply a promise to pay the amount withheld.

Acceptance by respondent, another essential of an account stated, is equally lacking. By accepting the check for $1,362.50 respondent agreed only to a partial account stated (compare *Sturm* v. *Boker,* 150 U. S. 312, 340), thereby converting that much of the statement into an account settled. The institution of this suit is ample proof that respondent never intended to accept the certificate in its entirety as a correct computation of the amount which it claimed was due.

We conclude that respondent's suit is barred by the limitations of § 1113 (a). The judgment is reversed, and the cause is remanded with directions to dismiss the petition.

*Reversed.*