## MIDPOINT REALTY CO., Inc., v. UNITED STATES.

### No. 43130.

Court of Claims.

Dec. 1, 1941.

**WHITAKER, Judge.**

Plaintiff's petition in this case was based in part on the theory that within six years prior to the time it brought its suit it and the Commissioner of Internal Revenue had agreed on the balance due it, and that the Commissioner had impliedly promised to pay the amount agreed to be due. In our opinion in this case delivered on January 8, 1940, 30 F.Supp. 691, 90 Ct.Cl. 335, we held that there had been an account stated, but not on the date alleged in the petition, to wit, September 9, 1929, but on an earlier date, August 8, 1929, and that there had been an implied promise to pay that part of the amount admitted to be due which was not barred by the statute of limitations. Inasmuch as plaintiff alleged that there had been an account stated on September 9, 1929, which was just less than six years prior to the time of the filing of the petition, and since neither party contended that the account had been stated on an earlier date, the defendant did not rely upon the statute of limitations as a defense. But when our opinion was delivered holding that the account had been stated on August 8, 1929, the defendant filed a motion for a new trial raising this defense. We granted the motion and dismissed the petition.

Whereupon the plaintiff filed a motion for a new trial asserting that we were in error in holding that the account had been stated on August 8, 1929, and that if given an opportunity to do so, it could offer further proof to demonstrate this fact. We granted plaintiff's motion and referred the case to a commissioner to take proof, among other things, as to what happened at the conference between plaintiff and the Commissioner's representatives on August 8, 1929. That proof has been taken, and the commissioner reports that on said date plaintiff's representative filed with the Bureau of Internal Revenue schedules setting forth what it believed was the correct computation of its tax liability, which showed an overpayment by the plaintiff of $9,215.62 for the year in question. Upon the filing of this computation the Commissioner of Internal Revenue's representative advised plaintiff that they would consider the schedules filed and that a revised letter would be forthcoming.

The commissioner of this court finds that on that date, August 8, 1929, there was no agreement as to plaintiff's correct tax liability. The evidence supports this finding.

Ellsworth C. Alvord, of Washington, D. C. (Floyd F. Toomey and Alvord & Alvord, all of Washington, D. C., on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

Plaintiff was not advised that the defendant accepted its computation of its tax liability until receipt of the Commissioner's letter of September 9, 1929. Not until that date, we are now convinced, was there an agreement between the parties as to the amount due plaintiff. The petition in this case was filed within six years thereafter.

The statute of limitations had run against the refund of the two payments made by the plaintiff on March 13, 1925, and on June 15, 1925, but it had not run as to the payment made on September 14, 1925. There was no implied promise on the part of the Commissioner to refund the payments against which the statute had run, but there was an implied promise on his part to refund the payment made on September 14, 1925, amounting to $3,840. The statute commanded him to immediately refund any overpayment found to be due. Sec. 281(a) of the Revenue Act of 1924, 43 Stat. 253, 301 and sec. 284(a) of the Revenue Act of 1926, 44 Stat. 9, 66, 26 U.S.C.A. Int.Rev.Acts, pages 62, 220. Having agreed with plaintiff that there was an overpayment and the statute commanding him to immediately refund it, an implied promise to do so necessarily arose.

The case of United States v. A. S. Kreider Co., 313 U.S. 443, 61 S.Ct. 1007, 85 L.Ed. 1447, is not in point, since the court held in that case that there was no account stated, because the facts negatived the allegation that there was an implied promise to pay. Here the facts support the allegation that there was an implied promise to pay, and plaintiff having sued on this implied contract within six years, it is entitled to recover.

Judgment will be rendered in favor of plaintiff and against the defendant for the sum of $3,840, with interest as provided by law. It is so ordered.