O'HARE SERVICES, INC., ET AL., PLAINTIFFS *v.* UNITED STATES ET AL., DEFENDANTS

Court No. 81–3–00296

(Dated March 30, 1982)

FORD, *Judge:* Plaintiffs on August 3, 1981 instituted discovery by serving defendants with "Plaintiffs' First Interrogatories to Defendants." The interrogatories included among other things questions relating to the distribution of the proceeds of Customs auctions of unclaimed or abandoned merchandise. These auctions are held pe-

riodically and such information was requested for the years 1975 through 1980.

Defendants on October 8, 1981 served replies to plaintiffs' interrogatories and their objections to interrogatories 2, 3, 4, 5 and 6 to the extent they seek information for 1975, 1976, 1977 and the first six months of 1978. The objection of defendants is that the above periods of time are barred by the statute of limitations covering actions brought in this court. *See* 28 U.S.C. 2636(i).

Plaintiffs contend the action may be commenced within six years from the time the action accrues and accordingly the periods of time to 1975 are relevant for discovery purposes. The fact that evidence obtained by discovery will not be admissible at the trial is not ground for objection under Rule 26(b) of the rules of this court. However, the information sought must be reasonably calculated to lend to the discovery of admissible evidence.

The statutory language of 28 U.S.C. § 2636(i) is as follows:

> A civil action of which the Court of International Trade has jurisdiction under section 1581 of this title, other than an action specified in subsections (a)–(h) of this section, is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues.

The language of 28 U.S.C. § 2401(a) provides as follows:

> Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

There is nothing which precludes the application of a short limitation to actions. *United States* v. *A. S. Kreider Co.,* 313 U.S. 443, 85 L.Ed. 1447, 61 S.Ct. 1007 (1941); *United Sand and Gravel Contractors, Inc.* v. *United States,* 624 F. 2d 733 (5th Cir. 1980); *Gordon* v. *United States,* 649 F. 2d, 837 (Ct. Cl. 1981). The specific statute covering the institution of actions in this court controls over a general provision. The legislative history covering 28 U.S.C. 2636(i) indicates the shorter statute of limitations as being applicable to actions instituted in this court. Senate Report 96–466 to accompany S. 1654 made the following comment with respect to section 2636(g) which subsequently became section 2636(i):

> Proposed section 2636(g) establishes a 2-year time limit for the commencement of suit. This time limit is in accord with the general law governing suits against the United States.

The House Report 96–1235 to accompany H.R. 7540 made the following observation with respect to the statute of limitations intended to cover actions commenced in this court:

Subsection (i) is a general provision governing the time limit for commencement of all civil actions other than those specifically enumerated in proposed subsections (a)–(h) of this section. This subsection establishes a two-year time limit for the commencement of such suits.

Accordingly it is evident the discovery demand for periods of time prior to March 19, 1978 will not lead to discovery of admissible evidence.

It is to be noted the language of 28 U.S.C. 2631(i) specifically limits the time to commence an action "within two years after the cause of action first accrues." The failure of Customs to properly distribute the proceeds of auction sales is the act of which plaintiffs complain. Therefore, any acts prior to two years is beyond the time the action first accrued. In the absence of legislative history indicating Congress intended a meaning other than that accepted by the courts in the past, of the term "accrues," the common meaning of said term must be used. *United States* v. *Lindsay,* 346 U.S. 569 (1954).

It is fundamental that a sovereign cannot be sued without its consent. The involved provision granting consent as prescribed therein must be strictly construed. *United States* v. *Boe,* 64 CCPA 11, 543 F. 2d 151, C.A.D. 1177 (1976). Plaintiffs' contention that a statute of limitations cannot be shortened and thereafter applied in such a manner as to bar pre-existing cause is without merit. The withdrawal of consent by the United States to be sued does not violate the Fifth Amendment of the Constitution. *Lynch* v. *United States,* 292 U.S. 571 (1934); *Perry* v. *United States,* 294 U.S. 330 (1935); *Maricopa County* v. *Valley National Bank of Phoenix,* 318 U.S. 357 (1943).

Accordingly, plaintiffs' motion to compel is denied.