Stanley B. GOSS, et al., Plaintiffs

v.

UNITED STATES of America, Defendant

No. 1:03 CV 1215.

United States District Court, N.D. Ohio, Eastern Division.

Sept. 18, 2003.

Gordon E. Schmid, Parma, OH, for Plaintiff.

Nicole M. Bielawski, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER OF DISMISSAL

OLIVER, District Judge.

On June 17, 2003, Plaintiffs Stanley B. and Toni Goss ("Plaintiffs") filed suit against Defendant United States of America, claiming they are entitled to a tax refund for the tax year 1975 and to statutory interest thereon. The United States filed a Motion to Dismiss (ECF No. 8) on August 11, 2003, arguing that Plaintiffs' claims are time-barred. For the following reasons, the court agrees. The United States' Motion to Dismiss is therefore granted.

## I. FACTS [1]

Plaintiffs overpaid their taxes for the tax year 1975 by the amount of $5,335. The Internal Revenue Service ("IRS") issued a check for the refund on October 17, 1977; however, the Plaintiffs allege that the check was never delivered to them and that they never cashed it.

---

1. The court's statement of facts is taken from the Complaint, the affidavit of Stanley Goss attached to the Complaint, and the documents attached to Goss' affidavit. Because Plaintiffs attached the affidavit to their Complaint, the court will not convert the United States' Motion to Dismiss into a motion for summary judgment.

For the next several years, Plaintiffs and their accountants were in contact with the IRS in an attempt to initiate an investigation into the missing check. On October 28, 1987, the IRS sent Plaintiffs a letter notifying them that it would pay their claim in full. Included with the letter was a Form 1145, Voucher for Payment Under Federal Tort Claims Act, which Plaintiffs were directed to sign. Plaintiffs refused to sign the voucher on the basis that it made no provision for the payment of interest for the ten years that the overpayment check had been undelivered and that the "Acceptance by Claimant" clause provided for settlement in full for the $5,335 amount. After several more inquiries, the IRS, on December 22, 1989, informed Plaintiffs that they would not be precluded from raising the issue of interest due on the refund if they signed the voucher. This was the last communication had between the IRS and Plaintiffs regarding their refund. Plaintiffs do not dispute that they never completed the voucher or provided additional information to the IRS on their claim for interest. Nearly fourteen years later, on June 17, 2003, Plaintiffs initiated the instant action.

## II. MOTION TO DISMISS STANDARD

Fed.R.Civ.P. 12(b)(6) allows the court to determine the legal sufficiency of a plaintiff's claim. *See Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Courts reviewing a 12(b)(6) motion must accept the well-pled factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). The court, however, need not accept "conclusions of law or unwarranted inferences cast in the form of factual allegations." *Czupih v. Card Pak, Inc.,* 916 F.Supp. 687, 689 (N.D.Ohio 1996). Ultimately, a complaint may be dismissed only if "the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995).

## III. LAW AND ANALYSIS

The United States offers three separate reasons why Plaintiffs' claims are time-barred. First, it maintains that the one year statute of limitations under 31 U.S.C. § 3702(c) for a "claim on account of Treasury check" has long since passed. Next, it argues that the general six-year limitations period for civil lawsuits against the United States in 28 U.S.C. § 2401(a) likewise bars Plaintiffs' claims. Finally, it maintains that even if Plaintiffs' claims were not barred by a specific statute, the equitable doctrine of laches would preclude them from bringing their claims. In response, Plaintiffs argue that the United States waived the statute of limitations defense and that the doctrine of laches does not apply because Plaintiffs diligently pursued their claims and even if they did not, the United States cannot demonstrate any prejudice as a result of any lack of diligence on Plaintiffs' part. For the following reasons, the court agrees with the United States that Plaintiffs' claims are time-barred.

The court will start its analysis with 28 U.S.C. § 2401(a), as this statute provides the longest possible statute of limitations for Plaintiffs' claims. As long as Plaintiffs' claims are time-barred under this statute, the court need not address the United States' arguments regarding 31 U.S.C. § 3702(c) or the doctrine of laches. Section 2401(a) states in pertinent part that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." This provision "was intended ... to place an *outside* limit" on a suit against the United

States. *Finkelstein v. United States*, 943 F.Supp. 425, 431 (D.N.J.1996) (quoting *United States v. A.S. Kreider*, 313 U.S. 443, 447, 61 S.Ct. 1007, 85 L.Ed. 1447 (1941)) (emphasis supplied).

■ The Court of Federal Claims, in *Gerstein v. United States*, 56 Fed. Cl. 630 (Fed.Cl.2003), recently explained how to determine the accrual date of a refund claim for purposes of a statute of limitations similar to 28 U.S.C. § 2401(a).[2] There, the court held that such a claim accrues "when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue ... for his money." *Gerstein*, 56 Fed. Cl. at 633 (quoting *Nager Elec. Co. v. United States*, 177 Ct.Cl. 234, 368 F.2d 847 (Ct.Cl.1966)). In this case, the latest such date would be October 28, 1987, the date on which the IRS sent a letter to Plaintiffs informing them that it would pay their refund claim in full. Plaintiffs' claims therefore expired on October 28, 1993, almost ten years before they actually brought suit.[3] Accordingly, Plaintiffs' claims are time-barred under § 2401(a), assuming Plaintiffs are incorrect that the United States waived the statute of limitations defense.

■ Plaintiffs' argument that the United States waived the statute of limitations defense is premised on two letters they received from the IRS.[4] The first, dated May 30, 1985, references a request by Plaintiffs for a copy of the check that the IRS allegedly issued on their refund. The letter informs Plaintiffs that the IRS is "unable to comply with [their] ... request as [the IRS'] records reflect that the check(s) has/have been paid and destroyed, due to the expiration of the Statute of Limitations, as set forth in 31 U.S.C. 122 ..., for making a claim against the United States for the proceeds of a Government check." (Pl.s' Response to Mot. to Dismiss, Ex. A). The second is the October 28, 1987 letter informing Plaintiffs that the IRS had allowed their claim in full. It states:

This is in reply to the claim which you submitted against the United States in the amount of $5,335.00 in connection with your being unable to obtain a replacement refund check due to the negligence of IRS employees. We have allowed your claim in the full amount requested. We regret the delays which have occurred in processing your claim.

Please sign the enclosed voucher and then return it to this office at your earliest convenience. A check will be forwarded to you within eight to twelve weeks *after* the signed voucher has been received by this office.

(Pl.s' Response to Mot. to Dismiss, Ex. B) (emphasis in original). Although Plaintiffs do not explain how, they argue that these two letters evidence the United States' intent to waive the statute of limitations as a defense in this case.

---

**2.** The statute at issue in *Gerstein* was 28 U.S.C. § 2501(a), which provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Similar to the instant case, the plaintiff in *Gerstein* brought a claim for a tax refund, and the court had to determine when the claim accrued for purposes of 28 U.S.C. § 2501(a).

**3.** Indeed, even assuming the claim did not accrue until December 22, 1989, the last date on which Plaintiffs communicated with the IRS, their claims would be time-barred.

**4.** Both of the letters were attached to Goss's affidavit, which was attached to the Complaint.

The court does not agree. As for the May 30, 1985 letter, the letter's reference to the "Statute of Limitations" was simply made as an explanation for why the refund check had been destroyed. It in no way can be interpreted as a waiver of the United States' right to assert the general statute of limitations defense set forth in 28 U.S.C. § 2401(a) for commencing a civil action against the government. The second letter also does not evidence the United States' intent to waive this statute of limitations. While the letter states that the IRS has allowed Plaintiffs' claim, it also makes clear that a check will be paid to Plaintiffs only after they complete the voucher enclosed in the letter. Plaintiffs do not dispute that they never completed this voucher. Moreover, even if Plaintiffs had not been required to complete the voucher in order to receive their refund, they were still required to bring suit against the United States within six years of the date the government's liability was fixed—October 28, 1987. As with the first letter, there is absolutely nothing in the October 28, 1987 letter that can be interpreted as a waiver of the government's right to assert this statute of limitations.

Even assuming that there were something in the letters which could be interpreted as a waiver of the statute of limitations, numerous courts have held that the United States cannot be estopped from asserting a defense such as the statute of limitations by the acts of government officials. As the court explained in *Rogers v. United States*, 76 F.Supp.2d 1159, 1167 (D.Kan.1999) (quoting *Heckler v. Community Health Serv.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984), "those who deal with the government are expected to know the law and may not rely on the conduct of government agents contrary to law.") A government official therefore has "no authority to waive an act's requirements and 'bind the government to what amounts to an amendment to statuto-

ry language.' " *Id.* (quoting *Emery Mining Corp. v. Secretary of Labor*, 744 F.2d 1411, 1416 (10th Cir.1984)). Based on these principles, the court in *Rogers* rejected the plaintiff-taxpayer's argument that the United States should be estopped from asserting the statute of limitations as a defense in a tax refund action due to the fact that the government counsel told taxpayer's counsel that it would not assert the defense. *See also Gray v. United States*, 72 A.F.T.R.2d 93–5154, 1993 WL 291377 (N.D.Tex. May 20, 1993) (same); *Tallon v. United States*, 55 A.F.T.R.2d 85–899, 1984 WL 1359 (C.D.Ill. Sept.28, 1984) (same). Accordingly, assuming that the IRS officials who sent the letters at issue had informed Plaintiffs that the IRS was waiving the statute of limitations as a defense, Plaintiffs could not rely on such statements to estop the United States from asserting the defense in this action.

## IV. CONCLUSION

Because the Plaintiffs' claims are barred by the applicable statute of limitations, they have failed to state a claim for which relief can be granted. The United States' Motion to Dismiss (ECF No. 8) is therefore granted.